[Civ. No. 4581. First Appellate District, Division One.—August 21, 1923.]

## RICHARD AVERDIECK, Respondent, v. F. L. BARRIS, Appellant.

[1] NEGLIGENCE—COLLISION OF AUTOMOBILE WITH PEDESTRIAN—DAMAGES—EVIDENCE.—In an action for damages for personal injuries suffered by plaintiff from being struck by defendant's automobile, negligence on the part of defendant, which constituted the proximate cause of plaintiff's injuries, was sufficiently proven when it was shown that defendant, who was driving his automobile in a westerly direction on the north side of a street running east and west and was approaching a street intersection, cut the intersection by turning to his left and running his automobile to the southeasterly corner of the two streets where he struck plaintiff.

[2] ID. — CONTRIBUTORY NEGLIGENCE — EVIDENCE. — In such action the evidence did not show contributory negligence on the part of plaintiff.

---

1. Cutting corners by automobiles as negligence, note, 6 A. L. R. 321.

2. Reciprocal duty of automobile driver and pedestrian to use care, notes, Ann. Cas. 1914A, 249; Ann. Cas. 1916E, 661; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

[3] ID.—DAMAGES—VERDICT—WHEN MAY BE SET ASIDE.—It is only
when an award of damages is so grossly disproportionate as to
shock the sense of justice and indicate that the verdict was the
result of passion or prejudice that a court can set it aside as ex-
cessive.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Bernard J. Flood,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin, for Appellant.

Ford & Johnson for Respondent.

NOURSE, J.—This defendant appeals from a judgment
following a verdict in favor of the plaintiff in the sum of
two thousand five hundred dollars for personal injuries
caused by the plaintiff being struck down by the defendant
through the careless operation of the latter's automobile.
No question arises from the pleadings or the conduct of the
trial before the jury. The only points raised on the ap-
peal are that the evidence is insufficient to show negligence
on defendant's part, that it affirmatively shows contributory
negligence on plaintiff's part, and that the verdict is exces-
sive.

The accident occurred at the corner of Lincoln Way and
Thirty-seventh Avenue, in the city and county of San Fran-
cisco. Lincoln Way runs east and west and Thirty-seventh
Avenue runs north and south, intersecting Lincoln Way
on the south, but does not cross the street to the north.
Two street-car lines run along Lincoln Way, located ap-
proximately at the center of the street. Plaintiff was a
passenger on an out-bound street-car going westerly. The
car stopped in what might be termed the middle of the in-
tersection with the rear of the car at the extension of the
easterly line of Thirty-seventh Avenue. Plaintiff alighted
from the rear platform of the car following another pas-

3. Excessiveness of verdicts in actions for personal injuries other
than death, notes, Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916;
L. R. A. 1915F, 30.

senger and walked southerly toward the curb at the south-
east corner of Thirty-seventh Avenue and Lincoln Way on
his way to his home. As he alighted from the car he looked
east and saw the lights of defendant's automobile approach-
ing on the north side of Lincoln Way about a hundred or
two hundred feet distant. After he had crossed the in-
bound or southerly street-car track and was close to the
sidewalk and still east of the easterly line of Thirty-seventh
Avenue he was struck by defendant's automobile which had
cut the corner, turning off the northerly side of Lincoln
Way and running southwesterly to the southeasterly corner
of the two streets.

[1] The mere statement of the facts is in itself a suf-
ficient answer to the claim that the evidence is insufficient
to show negligence on defendant's part. In thus cutting
the intersection of the two streets he was driving contrary
to the express provisions of the Motor Vehicle Act (Stats.
1915, p. 397, as amended by Stats. 1917, p. 382), and it was
this negligence that was the proximate cause of the injury.

[2] On the issue of contributory negligence the evidence
is that the plaintiff was walking across the street through
what is often termed the "safety zone" so far as vehicles
approaching from the east were concerned. He looked for
approaching vehicles before he started across the street and
saw that he had a clear path. He was not required to as-
sume that the defendant would depart from his legal and
ordinary course of travel. "A person crossing a street in
front of an approaching vehicle cannot close his eyes to
threatening danger, relying upon the presumption that the
other party will use reasonable care and prudence and obey
the traffic laws, but if there is nothing in the situation to
warn him of impending danger, he is not guilty of negli-
gence in relying upon such assumption." (*Simonsen* v.
*L. J. Christopher Co.*, 186 Cal. 786, 787 [200 Pac. 615].)
"The general rule is that every person has a right to pre-
sume that every other person will perform his duty and
obey the law, and in the absence of reasonable ground to
think otherwise it is not negligence to assume that he
is not exposed to danger which comes to him only from viola-
tion of law or duty by such other person." (*Harris* v. *John-
son*, 174 Cal. 55, 58 [Ann. Cas. 1918E, 560, L. R. A. 1917C,
477, 161 Pac. 1155, 1156].)

On the question of the amount of the verdict defendant seeks to convince this court that the character of the injuries sustained does not justify a verdict in the amount returned by the jury. This, of course, is the precise question which the jury was called on to determine. [3] It is only when the award is so grossly disproportionate as to shock the sense of justice and indicate that the verdict was the result of passion or prejudice that the court can set it aside as excessive. (*Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156, 164 [47 Pac. 1019]; *Martin* v. *Shea*, 182 Cal. 130, 139 [187 Pac. 23].)

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.