[Crim. No. 1343.  First Appellate District, Division Two.—December
13, 1926.]

# THE PEOPLE, Respondent, v. JESS RUSSELL, Appellant.

[1] CRIMINAL LAW—LASCIVIOUS CONDUCT WITH BODY OF MINOR—TES-
TIMONY OF PROSECUTRIX—INHERENT IMPROBABILITY—INSTRUCTIONS
—VERDICT — APPEAL. — In a prosecution for the crime denounced
by section 288 of the Penal Code, where the prosecutrix, a girl
twelve years of age, testifies to many combinations of acts and
positions of herself and of the defendant at the same instant,
and as to some of those combinations her testimony is inherently
improbable, it is the province of the jury, guided by proper
instructions, to weigh the evidence and determine whether a
part of the testimony is true and, if so, render a verdict ac-
cordingly; and in such a case the court has no right to sub-
stitute its conclusion for the conclusion of the jury.

[2] ID. — INSTRUCTIONS — ABSTRACT PRINCIPLES — REQUEST EMBODIED
IN INSTRUCTIONS GIVEN. — The language used by the court in
writing an opinion should not be used as an instruction; and
in this prosecution for the crime denounced by section 288 of
the Penal Code, the trial court did not commit prejudicial error
in refusing to give a proposed instruction which was but a mere
abstract principle of law quoted from the opinion in an earlier
case, and which was embodied in and formed a part of the basis
for the broader instructions which were given by the court.

[3] ID.—INABILITY TO CROSS-EXAMINE WITNESS—DISREGARD OF TESTI-
MONY—INSTRUCTIONS.—In such prosecution, the cross-examination
of one of the people's witnesses having been prevented by her
weeping and subsequent breakdown and, on motion of defendant,
her testimony having been stricken out and the jury admonished,
in language that was most emphatic, clear, and complete, to dis-
regard her testimony entirely, and in its final charge the court
having again instructed the jury "not to consider any testimony
or evidence which has by order of the Court been stricken out.
Such testimony or evidence should be treated by you as though
you had never heard or seen it," the trial court did not err in
refusing to give defendant's requested instructions treating the
same subject matter.

[4] ID.—CREDIBILITY OF PROSECUTRIX—CHARGES AGAINST OTHER MEN
— INCONSISTENT STATEMENTS — EVIDENCE. — In a prosecution for
the crime denounced by section 288 of the Penal Code, evidence

1.  See 16 Cal. Jur. 14.
2.  See 8 Cal. Jur. 321; 14 R. C. L. 756.

of similar charges by the prosecutrix against other men and of her guilt of immoral behavior is not admissible as going to her credibility; neither is such testimony admissible as inconsistent statements, where it is not claimed that she ever asserted that the particular attack alleged in the information was committed by any man other than defendant.

(1) 16 C. J., p. 930, n. 93, p. 931, n. 96; 17 C. J., p. 267, n. 99. (2) 16 C. J., p. 1041, n. 13, p. 1063, n. 85.    (3) 16 C. J., p. 1066, n. 86.    (4) 31 C. J., p. 999, n. 83, p. 1000, n. 84; 40 Cyc., p. 2619, n. 38, p. 2690, n. 94 New.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Philip M. Carey and Mervin B. Sherwin for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant, charging him with having violated the provisions of section 288 of the Penal Code. The defendant entered a plea of not guilty and a trial was had before the trial court sitting with a jury. The jury returned a verdict of guilty. The defendant made a motion for a new trial, but his motion was denied. A judgment based on the verdict was entered and the defendant has appealed from the judgment and order.

The offense, it is claimed, was committed at a small house or shack at Seventy-seventh Avenue and East Fourteenth Street in Oakland at about 4 P. M. in January, 1926, upon the body of Orpha Miller, a girl of twelve years of age. In presenting its case the prosecution called as a witness Orpha Miller, who testified to the acts done by the defendant at said time and place. [1] The appellant claims that the judgment should be reversed because of the inherent improbability of the testimony given by the prosecutrix. She was on the stand as a witness a long time. Her testimony covers about two hundred folios. As to the acts and positions of the prosecutrix and the acts and positions of the

defendant at the same instant, the witness testified to many combinations. As to some of those combinations the defendant is clearly right when he states that that particular testimony is inherently improbable. But as to other combinations the attack is without merit. When the record stands thus it is within the province of the jury, being guided by proper instructions, to weigh the evidence and determine whether a part of the testimony is true and, if so, to render a verdict accordingly. In such a case the court has no right to substitute its conclusion for the conclusion of the jury.

[2] The defendant asked the trial court to give an instruction which defendant numbered 21. The trial court did not do so. Its ruling is assigned as error. The instruction was framed by the defendant by quoting the language used by the writer of the opinion in *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513]. The language quoted was taken from the sentence at the bottom of page 241 and the top of page 242 [116 Pac. 515]. It has often been decided by the supreme court that the language used by the court in writing an opinion should not be used as an instruction. Assuming, without deciding, that the proposed instruction was a correct statement of the law, it is patent that it was but a mere abstract principle of law which is embodied in and forms a part of the basis for the broader instructions which were given by the court. The jury was instructed that it was the judge of the weight and effect of the evidence and of the credibility of the witnesses. It was also instructed that a witness is presumed to speak the truth, but that this presumption may be repelled by the character of his testimony. We may assume that defendant's counsel duly argued the abstract principle for which he now contends to the jury. In the face of the record which we have quoted we cannot see how he could have been prejudiced by the refusal of the trial court to read to the jury the abstract principle embodied in the requested instruction. (*People* v. *Delucchi,* 17 Cal. App. 96, 110 [118 Pac. 935].)

The appellant complains because his requested instructions 14 and 19 were not given. His complaint is without support. The subject matter of each of those instructions was covered by instructions which the court gave which were full

and correct and which were more direct and certain in their meaning than the instructions requested.

[3] The plaintiff called and examined Mrs. Victoria Richards as one of its witnesses, and she testified to certain acts of the defendant which she claimed she saw looking through a window. The plaintiff then passed the witness to the defense. Mr. Carey, as attorney for the defendant, had propounded to the witness a few questions on cross-examination, when the witness began to weep. The court took a recess. After the recess, by consent, other witnesses were called. Later it was represented to the trial court that Mrs. Richards was suffering from a breakdown and that it would be six weeks before her health would permit her to subject herself to further cross-examination. Later Mr. Carey made a motion to strike out all of the testimony given by Mrs. Richards and also that the court admonish the jury to disregard entirely the testimony of Mrs. Richards. The court granted the motion and admonished the jury in language that was most emphatic, clear, and complete. No objection was intimated at that time by either party. Later, after the arguments had been made and as a part of its charge, the trial court again instructed the jury "not to consider any testimony or evidence which has by order of the Court been stricken out. Such testimony or evidence should be treated by you as though you had never heard or seen it." In his requested instruction numbered 22 the defendant treated the same subject matter. The appellant makes the point that the trial court committed error because it refused to give that requested instruction. The point is based on the claim that the trial court's instructions had not met the dilemma confronting court and counsel. We find no error in the court's refusal to give the requested instruction.

[4] While the prosecutrix was being cross-examined she was asked if she had not made similar charges against other men and that she had been found guilty of immoral behavior. It is settled law that such evidence was not admissible as going to the credibility of the witness. (*People* v. *Murphy*, 53 Cal. App. 474, 481 [200 Pac. 484].) The issue of consent or nonconsent was not involved in the instant case and the facts sought to be proved were not admissible for that purpose. Appellant says the testimony

sought was admissible as inconsistent statements. (Code Civ. Proc., sec. 2049.) But it was not claimed the witness ever asserted that the particular attack alleged in the information was committed by any man other than the defendant.

Returning to the first point discussed we do not understand the appellant to claim that in the sense in which the expression is ordinarily used that the evidence is insufficient to support the verdict. The respondent takes a different view of the appellant's contention. It is proper to state, therefore, that we have also considered the case from that angle. So viewed, the record discloses: That the information was filed March 25, 1926; a few weeks before that, the date not being exactly fixed, according to the testimony of Orpha Miller, Gustave Gorsky, and Laura Gorsky, the prosecutrix came out of the shack crying; according to the testimony of the prosecutrix and of her mother the child was then twelve years old; the shack was a one-room structure about seven feet by eleven feet; according to the testimony of Orpha Miller, Gustave Gorsky, and Laura Gorsky, when the prosecutrix came out, she was followed almost immediately by the defendant, who came out, got in his car and attempted to drive off; that no one else was in the shack to come out or did come out; according to the testimony of the prosecutrix she screamed several times before coming out of the shack and, according to Carrie J. Beal and Laura Gorsky, the screams of a child were heard coming from within the shack just before the prosecutrix came out, and, when the defendant came out he attempted to get in his car and drive off, but was stopped from driving off and held by Gorsky until the police came. It is therefore clear that no part of the case of the prosecution was left to be proved by the prosecutrix except the act, or acts, alleged to have been committed by the defendant inside of the shack. Those acts only rested for proof on the testimony of the prosecutrix and she testified fully as to those matters. We have held that we cannot say all of her testimony regarding those acts was inherently improbable, and we are constrained to hold that the appellant's claim that the evidence is insufficient may not be sustained.

We find no error in the record. The order and judgment appealed from are affirmed.

Nourse, J., and Preston, P. J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1927.