[Civ. No. 7169.  First Appellate District, Division Two.—June 17, 1930.]

FLORA HANSON, Respondent, v. J. S. P. CORDOZA et al., Appellants.

Sans & Hudson for Appellants.

Wyckoff & Gardner for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an action for damages for personal injuries sustained by the plaintiff, Flora Hanson, in an automobile collision between her car and one driven by defendant Elden Cordoza. The action was dismissed as to defendants Kenneth F. Cordoza and Stephen Alfred Cordoza. The case was tried before the court without a jury, and judgment was entered in favor of plaintiff and against the defendants Elden Cordoza, J. S. P. Cordoza and Lizzie Cordoza for $3,450.65. From this judgment, the last-named defendants prosecute this appeal.

Appellants make two contentions for a reversal of the judgment, viz.: "(1) That plaintiff was guilty of contributory negligence as a matter of law; (2) That there is no evidence of negligence on the part of defendants, or especially on the part of Elden Cordoza, the driver of the car; the accident being unavoidable."

The trial court found that the accident and injuries to plaintiff were caused by the careless and negligent manner in which Elden Cordoza drove and operated his car, and that plaintiff was not guilty of contributory negligence.

The question of contributory negligence of plaintiff, like that of negligence of the defendants, were questions of fact for the trial court to determine from all of the evidence in the case. When the facts are clear and undisputed, and when no other inference than that of negligence or contributory negligence can be drawn from such facts, then and only then, is the question of negligence or contributory negligence one of law. (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 476 [186 Pac. 631]; *Fike* v. *San Joaquin Light & Power Co.*, 73 Cal. App. 712 [239 Pac. 344]; *Smith* v. *Associated Oil Co.*, 53 Cal. App. 142 [199 Pac. 879]; *Catlin* v. *Union Oil Co.*, 31 Cal. App. 597 [161 Pac. 29]; *Chrissinger* v. *Southern Pac. Co.*, 169 Cal. 619 [149 Pac. 175]; *Wing* v. *Kishi*, 92 Cal. App. 495 [268 Pac. 483]; *Monroe* v. *Switzer*, 91 Cal. App. 364–368 [267 Pac. 125].)

The law is, of course, also well established that any finding of the trial court upon conflicting evidence is conclusive and all reasonable inferences are to be indulged in support of such finding. If, upon any material point, the testimony is in conflict, it must be assumed that the trial court resolved the conflict in favor of the prevailing party. The authorities supporting these well-established rules are legion and we need only cite the following: *Gjurich* v. *Fieg*, 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464]; *McCray* v. *Reese*, 209 Cal. 453 [288 Pac. 72]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Wilbur* v. *Wilbur*, 197 Cal. 7 [239 Pac. 332]; *Wing* v. *Kishi, supra*.

In the case at bar, the testimony is not only decidedly conflicting on the question of the negligence of Elden Cordoza, but also on the question of the contributory negligence of respondent. Therefore, the only real question pre-

sented on this appeal is whether there is substantial evidence in the record which in and of itself will support the conclusions reached by the trial court that the injuries to respondent were caused by the negligence of Elden Cordoza, the driver of the car, and that respondent was free from contributory negligence. We will refer briefly to that portion of the evidence which supports the findings of the trial court.

The defendant, Elden Cordoza, was at the time of the accident in question a minor and J. S. P. Cordoza was his father, and Lizzie Cordoza, his mother. On the day of the accident, Elden Cordoza was driving his father's Dodge touring car on a public highway known as "East Lake Avenue." This highway runs northerly from the city of Watsonville toward the city of San Jose. The plaintiff resided on said highway, a short distance northerly of the city limits of Watsonville. On the afternoon of August 25, 1927, the plaintiff was driving her Chrysler coach automobile on said East Lake Avenue in the direction of her home. She was traveling on the right side of the paved portion of the road at the rate of eight or ten miles per hour. Desiring to leave the highway and enter her private driveway, she gave the correct signal for a left turn for more than the required distance and, looking in her mirror, she observed the driver of the only car then in sight slow down and give the slow signal for the benefit of any cars that might be coming behind him; she made a turn to the left and as she was crossing to the sidewalk heard a "roar" which caused her to look to the left, when she saw a second car just behind the one she had previously seen; she heard no horn blow; when the front wheels of her car were on the concrete center walk, it was struck by the car driven by Elden Cordoza, and plaintiff was seriously injured. The sidewalk was what is known as a "five-foot center walk." The wheel base of plaintiff's car was 113 inches, or nine and five-twelfths feet, and assuming that there was a body overhang at the rear of the car of two feet, the rear end of her car when the collision occurred was at least seven and one-half feet from the pavement. There was between the rear end of her car and the center line of the paved portion of the highway at least sixteen and one-half feet open to the driver of the Cordoza car, giving him ample

room to have passed behind plaintiff's car without striking it. Elden Cordoza, the driver of the other car, turned his car to the left and hit plaintiff's car just forward of the rear fender, or at a point on the ground just about the curb line. Plaintiff's car was turned almost completely around and shot across the highway. The Cordoza car continued on its course for about thirty feet and overturned.

The testimony also shows that Elden Cordoza must have been traveling at a high rate of speed. The evidence shows that he passed a street known as "Joy Avenue" some distance back of the place of the accident, when plaintiff's car was already off the pavement, going toward the driveway. So rapidly was Cordoza going that he traveled approximately 100 feet while plaintiff was going less than twenty feet. The evidence also shows that the left-turn signal was given by plaintiff at least eighty feet, in full view of the driver of the Cordoza car and he evidently completely disregarded it. The testimony further shows that the driver of the Cordoza car from a distance of at least 100 feet could have seen plaintiff crossing toward her driveway, and, according to his own testimony, did not slow down or put on his brakes until he was within fifteen feet of plaintiff's car. Other witnesses besides plaintiff testified that they heard no horn, but Elden Cordoza testified that his horn was blown. Many other facts were testified to at the trial to corroborate the testimony of plaintiff, but the above is sufficient to show that the findings of the trial court find ample support in the evidence.

■ In support of appellants' contention that respondent was guilty of contributory negligence as a matter of law, it is claimed that the respondent violated section 130a of the California Vehicle Act, in that she "drove her car across the left side of the road without first ascertaining that she could do so in safety or waiting until the movement could be made in safety." This contention is based upon the admission of plaintiff that she did not see the Cordoza automobile until it struck her car. From this admission appellants argue that respondent failed to make proper observations before making the left-hand turn. Under the findings of the court there is no merit in this contention.

In the first place, the evidence, as we have already seen, shows that before the arrival of the Cordoza car, respond-

ent's car was clear of the pavement, and that her front wheels were on the sidewalk, and that had the Cordoza car merely kept its course along the left side of the pavement no collision would have occurred. Therefore, as a matter of fact, she did make the left turn across the highway in safety, and *was struck after she had cleared the traveled portion of the highway.* Furthermore, the testimony of respondent, which the trial court accepted as true, shows a reasonable compliance with section 130a of the California Vehicle Act.

█ Section 130a of the California Vehicle Act is general in its terms and applies not alone to turns to be made in private driveways, but to all left turns, and contemplates that a driver in making his decision to turn to the left is entitled to assume that the drivers of other cars upon the highway will obey the law and exercise reasonable care. If the situation is such that the turn may safely be made if other drivers obey the law and exercise reasonable care, the driver is entitled, after giving the proper signal, to make his left turn, and, having done so, he is not to be held to have acted in violation of the statute. If another driver, by reason of his violation of a statutory provision, or by reason of other negligent conduct, collides with him, he is not chargeable with contributory negligence.

█ "The general rule is that one to whom a duty of care is owing by another has the right to assume that the person who owes such duty will perform it; and in the absence of reasonable grounds to think otherwise, it is not negligence on the part of the one to whom the duty is owing to assume that he will not be exposed to a danger which can come to him only through a violation of that duty by the person owing it." (*Gornstein* v. *Priver,* 64 Cal. App. 259 [221 Pac. 396]; see, also, 29 Cyc. 516, 517; *Robinson* v. *Western Pac. R. R. Co.,* 48 Cal. 421; *Harris* v. *Johnson,* 174 Cal. 58 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]; *Wright* v. *Foreman,* 86 Cal. App. 595–602 [261 Pac. 481]; *Averdieck* v. *Barris,* 63 Cal. App. 495 [218 Pac. 786].)

Respondent, before turning to the left, ascertained that the only car behind her, which she could see by the use of her mirror, was traveling slowly, and the driver of that car, evidently having seen her signal, in turn was signaling

to any drivers behind him; she then gave the proper signal for more than the required distance, and then made the turn to the left toward her private driveway. Under such circumstances, it would seem that she fully complied with the provisions of section 130a of the California Vehicle Act. Certainly she would not be required, under this statute, to alight from her car and look up and down the highway to see if any other car, or other vehicle, was approaching, or to wait in her car on the right side of the highway until the highway was clear of cars, or until she was absolutely sure that no collision could occur through the negligence of other drivers using the highway, before making the turn. Such a construction of section 130a would be unreasonable and entirely impracticable on the busy thoroughfares, and the warning signal required by this section would be entirely unnecessary for, under such a construction, there. would be no other driver near enough to be protected by the warning signal.

Respondent could be charged with negligence in this case only by imposing upon her the obligation of assuming that some other driver would negligently conduct himself. This the law does not do. One who is not otherwise negligent, cannot be held negligent by reason of a failure to assume that another person will be careless or violate the law.

We deem a further discussion entirely unnecessary.

It follows from what has been said that the judgment should be affirmed, and it is so ordered.

Sturtevant, Acting P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1930.