[Civ. No. 7405. First Appellate District, Division Two.—November 6, 1930.]

JOHN E. WALKER, Respondent, v. GEORGE MASON, etc., Appellant.

B. P. Gibbs, Theodore Hale and Barry J. Colding for Appellant.

Spencer G. Prime and C. K. Bonestell for Respondent.

NOURSE, P. J.—In an action for personal injuries tried before a jury the plaintiff recovered a verdict for $3,415. The defendant appeals from the judgment on typewritten transcripts.

Plaintiff was walking in a southerly direction across Market Street in San Francisco at the southeast intersection of Market and Third. At the same time defendant was

driving a jitney bus in an easterly direction along Market. Plaintiff was struck by the right front fender of defendant's car just as he reached a point about three feet from the southerly curb of Market Street.

Plaintiff plants his case on defendant's negligence in failing to obey the "stop" signal for east-west traffic on Market Street. On this point there is a sharp conflict in the evidence, which the jury resolved in favor of plaintiff.

Defendant insists that plaintiff was guilty of contributory negligence as matter of law. The argument is based upon some evidence tending to show that plaintiff failed to look to his right as he crossed the street and on evidence tending to show that he stopped and backed into the oncoming car. On both points the evidence is in conflict and this court cannot say that plaintiff was guilty of contributory negligence. (*Reaugh* v. *Cudahy Pack. Co.*, 189 Cal. 335, 343 [208 Pac. 125]; *Schwartz* v. *Acme Express Co.*, 102 Cal. App. 615 [283 Pac. 358]; *Hanson* v. *Cordoza*, 106 Cal. App. 500 [290 Pac. 62].)

In this connection the appellant argues that we should follow *Finkle* v. *Tait*, 55 Cal. App. 425 [203 Pac. 1031], *Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474 [186 Pac. 631], *Mayer* v. *Anderson*, 36 Cal. App. 740 [173 Pac. 174], and similar cases holding that a pedestrian was guilty of contributory negligence in failing to continually look up and down the street he was crossing in order to ascertain if vehicles were approaching which might cross his line of travel. It is sufficient to say that none of these cases involved a question where plaintiff was crossing a street under modern traffic control. In the latter case a pedestrian is entitled to assume that the traffic rules will be obeyed (*Gornstein* v. *Priver*, 64 Cal. App. 249, 259 [221 Pac. 396]; *Averdieck* v. *Barris*, 63 Cal. App. 495, 497 [218 Pac. 786]; *Hanson* v. *Cordoza, supra*), and if, under such circumstances, he is charged with contributory negligence the question is one of fact for the jury.

From what we have said it would, of course, follow that the trial court did not err in denying defendant's motion for a directed verdict. (24 Cal. Jur. 916.)

The judgment is affirmed.

Spence, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 5, 1931.