[Civ. No. 7821. First Appellate District, Division Two.—June 16, 1931.]

WILLIAM S. INOUYE, Respondent, v. GILBOY COMPANY (a Corporation), Appellant.

John H. Corning for Appellant.

Percy V. Long, Bert W. Levit and Harold Wyatt for Respondent.

SPENCE, J.—This action arose out of a collision between plaintiff's automobile and defendant's truck. By his complaint plaintiff sought to recover for damage to his automobile and by its cross-complaint defendant sought to recover damages to its truck. Upon a trial by the court sitting without a jury, judgment was entered in favor of plaintiff and against defendant on both the complaint and cross-complaint and from this judgment defendant appeals.

On this appeal it is contended that there was no negligence on the part of appellant and that even if appellant was negligent the respondent was guilty of contributory negligence as a matter of law. Under the evidence these questions were, in our opinion, questions for the trial court and the findings relating thereto may not be disturbed.

The accident happened about midnight on April 8, 1928, on the state highway running from San Juan Bautista to Hollister. Both cars were traveling along the highway in an easterly direction, with respondent's car some distance ahead of the truck of appellant. Respondent was intending to turn and did turn to the left into a road leading to a farm off the north side of the highway. There was evidence indicating that prior to the time that respondent slowed down to make the turn both cars were traveling at approximately 35 miles per hour. When respondent was about 100 feet or 110 feet from the road into which he intended to turn he looked back and saw appellant's truck about 200 feet to his rear. He gave the signal indicating his intention to turn, pulled slightly to the right, and then turned to the left and crossed the highway. When his front wheels were off the main highway on the north side of the road appellant's truck struck respondent's car, dragging it about 70 feet, where it stopped completely off the pavement on the north side of the highway. The truck went a few feet further, where it overturned and burned. The skid marks of the truck extended 70 feet west from the point of collision. The evidence was conflicting relating to the giving of a signal by respondent, but this conflict must be resolved in favor of respondent on this appeal.

In support of the contention that there was no negligence on the part of the truck driver appellant calls our attention to the fact that no witness estimated the speed of the truck

to be in excess of that declared lawful under section 113, subdivision b, of the California Vehicle Act. It may be noted that subdivision b of that section is "subject to the provisions of subdivision a", which latter subdivision requires that vehicles shall be driven at a "speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway". ▉ In any event, the mere fact that one is traveling at a lawful speed does not necessarily mean that he is free from negligence. (*Reaugh* v. *Cudahy Packng Co.*, 189 Cal. 335, 340 [208 Pac. 125].) ▉ We must assume on this appeal, as testified by respondent, that respondent gave the signal showing his intention to turn to the left when appellant's truck was 200 feet behind him and about 300 feet or more from the point of collision. The trial court was justified in concluding that the truck driver would have seen the signal if he had been exercising ordinary care, and that he had ample opportunity to either slow down or pass to the rear of respondent's car and avoid the collision.

▉ Appellant cites section 130 of the California Vehicle Act in support of his claim that respondent was guilty of contributory negligence as a matter of law. This section provides that before turning the driver "shall see first that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety". This section must be given a reasonable construction. "Safety" does not mean absolute safety for under that construction a driver intending to turn would be required to await the time when no other vehicle could possibly be affected in any way by such movement. The quoted portion of the section should be construed to require that the driver see first that the movement could be made in safety, assuming that both he and others using the highway exercise ordinary care. This gives to the common-sense rule embraced in the section a common-sense interpretation. Any other interpretation would make it impossible where traffic is heavy to make a turn in compliance with the law without an interminable wait. That the foregoing construction is proper is borne out by the balance of the section, which provides for a signal before turning "if the operation of any other vehicle may reasonably be affected by such movement", and is the construction placed upon the section in *Hanson* v. *Cordoza,*

106 Cal. App. 500 [290 Pac. 62]. ■ The testimony showed that respondent did first see that there was ample distance between his car and the truck for the turn to be made in safety provided both drivers exercised ordinary care, and the trial court's conclusion that there was no negligence on the part of respondent is amply sustained.

■ Appellant further contends that the trial court erred in denying the motion to strike out the testimony of one of respondent's witnesses relating to the condition of a window of respondent's car several hours after the accident. There was no error in this ruling. Appellant had introduced testimony on this subject and the fact that an interval of time elapsed between the time of the accident and the time of the witness' observation affected the weight, but not the competency of the testimony.

■ Appellant's further contention that the trial court erred in not granting the motion for new trial is likewise without merit. It is argued that the motion should have been granted on the ground of newly discovered evidence relating to the condition of respondent's car after the accident. It is only necessary to point out that appellant failed to show that this was evidence "which he could not, with reasonable diligence, have discovered and produced at the trial". Such showing is essential and the mere fact that the moving party has discovered new evidence is insufficient. (Code Civ. Proc., sec. 657, subd. 4.).

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 16, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1931.