[Civ. No. 7941. First Appellate District, Division Two.—January 4, 1932.]

FRANCIS B. LINCOLN, Respondent, v. NAT L. WILLIAMS, Jr., et al., Appellants.

Frederick W. Kant and Laurance I. Dodge for Appellants.

Elmer P. Delany for Respondent.

SPENCE, J.—In this action to recover damages for personal injuries, the jury rendered a verdict in favor of plaintiff and against defendants in the sum of $5,000. From the judgment entered upon the verdict defendants appeal.

The accident occurred at about 8:45 P. M. on the evening of October 14, 1929, at the intersection of Oxford Street and Berkeley Way in the city of Berkeley. Plaintiff, a pedestrian, was crossing Oxford Street from the easterly to the westerly side thereof and was struck by an automobile

driven by the defendant Nat L. Williams, Jr., when at a point about eight feet from the westerly curb. There was a conflict in the evidence as to whether the plaintiff was walking in the cross-walk or a few feet to the south thereof at the time he was struck. There is a further conflict as to whether plaintiff was carrying a box upon his right shoulder or under his arm. Said defendant was driving in a southerly direction on Oxford Street and there was evidence showing that he was traveling between thirty-five and forty miles per hour. When plaintiff was struck both he and the articles he was carrying were thrown into the air. The automobile stopped after traveling approximately halfway down the block, having carried plaintiff on the fender for part of that distance. The action was brought against said defendant Nat L. Williams, Jr., the driver of the car, and also against his parents, who had signed his application for an operator's license.

On this appeal it is contended that appellants are entitled to a reversal because of alleged prejudicial misconduct on the part of the trial court, but we find no merit in this contention. This assignment is based on the trial court's action at the time that the jury returned for further instructions. To understand the situation, it may be stated that plaintiff had prayed for damages for the sum of $25,000. The trial court in its general charge had correctly instructed the jury upon the issue of damage and had further instructed the jury to the effect that the liability of the parents was limited in any event to $5,000 under the provisions of section 62 of the California Vehicle Act (Stats. 1929, p. 522, sec. 23). The original instructions upon this limitation of liability were brief. Upon the return from the jury-room the foreman asked: "Well, in case the verdict or the award is made under $5,000, if it should be made against the father or the mother or divided." In reply the trial court re-read the section and amplified the previous instructions on the subject, advising the jury upon the proper manner in which to frame their verdict in the event that they awarded the sum of $5,000 or less and also advising the jury upon the proper manner in which to frame their verdict in the event that they awarded a sum in excess of $5,000. Appellants do not contend that the jury was erroneously instructed either in the original instructions

or in the further instructions given upon the return of the jury, but seem to base the charge of misconduct on the fact that the trial court did not confine its further instructions to a direct answer to the foreman's question which related only to the manner of framing a verdict under $5,000. We find no error in the further instructions of the court and find nothing upon which a charge of misconduct may be predicated. The question asked by the foreman clearly indicated that the jury had failed to understand the previous instructions relating to the manner of framing the verdict. It was entirely proper to give further instructions fully instructing the jury on this subject and the trial court was not required to confine these further instructions to a direct answer to the question asked. ■ Under the same heading appellants call attention to the fact that when another juror asked to have the complaint read in so far as it related to the amount of damages, the trial court read the allegations requested, advising the jury, however, that these allegations were denied. Appellants argue that "it is reversible error for the trial judge to state to the jury the amount of damages claimed by plaintiff in his complaint". Such is not the rule in this state (*Lahti* v. *McMenamin,* 204 Cal. 415, 421 [268 Pac. 644]; *Johnson* v. *Pickwick Stages System,* 108 Cal. App. 279, 286 [291 Pac. 611]), and there was no error or misconduct in complying with the juror's request.

■ Appellants next contend that the trial court erred in refusing their request to give the following instruction: "I instruct you that if you find that the plaintiff was crossing Oxford Street after dark at a time when that street was not congested with traffic, and if you find that he was carrying a box containing apples and cans, which box was about two feet long, about 14 inches wide, and about 10 inches deep, on his shoulder in such a position that it may have obstructed his vision, then I charge you it was negligence for the plaintiff to attempt to cross the street with his vision obstructed in such a manner." We find no error in the refusal of this instruction, as in our opinion it is not a correct statement of the law. It is well settled that it is the duty of a pedestrian in crossing a street to use ordinary care under the circumstances and that the question of whether a pedestrian does use such care is

ordinarily a question of fact for the jury. (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649].) The jury was very fully instructed on the subject of contributory negligence, the trial court giving numerous instructions requested by appellants relating to the continuing duty resting upon a pedestrian to make reasonable use of his faculties for his own safety while crossing a street. But, as we have recently pointed out, such continuing duty in the nature of things cannot be said to impose upon the pedestrian the duty to look continuously in all directions at all times. (*Maggart* v. *Bell,* 116 Cal. App. 306 [2 Pac. (2d) 516].) The vice of the requested instruction is found in the fact that it attempted to set forth with great particularity the facts which would make respondent chargeable with contributory negligence as a matter of law and that conceding all of the facts set forth to be true, respondent still may have made reasonable use of his faculties and exercised ordinary care. The presence of the box in the position referred to *may* have obstructed respondent's vision to the right to some extent, but the mere presence of the box would not make it impossible for respondent to look in either direction by slightly turning his body. The effect of the instruction would be to tell the jury that even if respondent made reasonable use of his faculties and looked to the right and left starting to cross the street and frequently thereafter, the mere fact, if they so found, that he carried the box in such position that it "*may have obstructed his vision*" to some extent would make him guilty of negligence as a matter of law. In support of this instruction appellants rely upon certain language used by the Supreme Court in denying hearing in *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031], but, as has been frequently stated, the text of a decision is not necessarily sound as an instruction to be given to a jury. (*Bundy* v. *Sierra Lumber Co.,* 149 Cal. 772, 781 [87 Pac. 622]; *McGeorge* v. *Charles Nelson Co.,* 107 Cal. App. 148, 152 [290 Pac. 75]; *People* v. *Russell,* 80 Cal. App. 243, 245 [251 Pac. 699].) The language relied upon must be read in the light of the particular facts as interpreted by the court. In reviewing *Finkle* v. *Tait, supra,* the Supreme Court said in *Burgesser* v. *Bullock's,* 190 Cal. 673, at page 677 [214 Pac. 649, 651], "we sustained the conclusion of the District Court of Appeal solely for the reason that the pedestrian was

crossing the street without looking and under such circumstances that he could *not* see in the direction from which traffic might be expected". It did not appear in the present case that respondent crossed the street *without looking* and under such circumstances that he *could not see* in the direction from which traffic might be expected, and the fact, if it was a fact, that he carried a box in such position that it *may* have obstructed respondent's vision to some extent would not in itself conclusively show that he failed to exercise ordinary care under the circumstances.

■ The last contention urged by appellants is that the verdict is contrary to the evidence in that the evidence "definitely established that plaintiff was guilty of contributory negligence both as a matter of fact and as a matter of law". This contention could have merit only in the event that the uncontradicted testimony showed that respondent was guilty of contributory negligence *as a matter of law*. If there was a conflict in the material portions of the evidence or if the uncontradicted evidence was such that reasonable minds might differ in the conclusions to be drawn therefrom, the question was one for the jury and the verdict cannot be set aside as contrary to the evidence. In support of the foregoing contention appellants call our attention to the manner in which it is claimed that respondent was carrying the box, to the alleged fact that respondent crossed the street immediately behind another automobile proceeding in a northerly direction, and to the alleged fact that respondent was not in the cross-walk at the time of the accident. It is a sufficient answer to state that there was a direct conflict in the evidence on each of the foregoing matters. It is further argued that under the conditions existing, respondent could have avoided the accident by the use of ordinary care. This is but appellants' conclusion and it cannot be said as a matter of law that this is the only rational conclusion to be drawn from the evidence. Even conceding that negligence on the part of respondent might be inferred from some of the evidence most favorable to appellants' theory, the question still remained one for the jury. An examination of the record discloses that there was ample evidence to sustain the jury's implied finding that the sole proximate cause of the accident was the negligence of the driver who drove his automobile across the

intersection at an excessive rate of speed and admittedly did not see respondent until within three feet of him.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.