[Civ. No. 8554. First Appellate District, Division One.—January 3, 1933.]

JOHN PINELLO et al., Appellants, v. MINNIE JONES TAYLOR, Respondent.

Shortridge & McInerney and Henry C. Clausen for Appellants.

Charles W. Haswell for Respondent.

JAMISON, J., *pro tem.*—Plaintiffs are husband and wife. This is an action for damages for injuries sustained by the wife, alleged to have been struck by an automobile operated

by defendant, while the said wife was attempting to walk across Geary Street at its intersection with Ninth Avenue in the city of San Francisco.

The case was tried by a jury, verdict was rendered in favor of defendant, a motion for a new trial was denied and judgment was thereupon entered for said defendant, and from this judgment plaintiffs have appealed.

As grounds for reversal appellants contend that the court erred in giving a certain instruction for respondent, and refusing three asked for by appellants. In order to determine whether or not the court erred in giving and refusing to give said instructions a brief review of the evidence is necessary. Geary Street runs easterly and westerly and Ninth Avenue northerly and southerly; Geary Street being about eighty-two feet wide. At the intersection of said streets there are located traffic "Stop" and "Go" signals and marked pedestrian lanes leading across Geary Street. Appellant Steffana Pinello testified that she lived about half a block south of said intersection on the westerly side of Ninth Avenue; that she had lived there for five years and on many occasions had crossed Geary Street at said intersection, and was familiar with the traffic signal located at that point; that on April 2, 1930, about 1:30 P. M., she was returning home from her bank where she had cashed some checks, and was walking along Ninth Avenue on its westerly side; that when she arrived at its intersection with Geary Street she noticed that the signal was open for traffic on Geary Street. After waiting a short time the signal changed and opened for traffic on Ninth Avenue, and thereupon she started to cross Geary Street on the westerly pedestrian lane. Just before she started to cross she looked to the east and saw respondent's car east on Geary Street about one block away. As she left the curb she again looked to the east and saw respondent's car coming nearer but some distance from the intersection. She did not look again and when she had proceeded along said westerly lane some eighteen or nineteen feet she was struck by respondent's car, knocked down and carried by it about ten feet.

Respondent was driving westerly on Geary Street at the time of the accident, and it is admitted that no street-cars nor automobiles were traveling in front of her, and between her and said intersection, as she approached the same. Mrs.

Pinello heard no warning given by respondent prior to being struck.

Frank Dillon was an eye-witness to the accident. He testified that he saw respondent's car strike Mrs. Pinello; that he heard no warning signal given by respondent prior to the accident; that there was but little traffic on Geary Street at the time of the collision; that respondent's automobile struck Mrs. Pinello squarely in the rear and she slid or was shoved some five or ten feet; that Mrs. Pinello was walking in the westerly pedestrian lane when she was struck, some ten or fifteen feet from the north curb of Geary Street.

L. A. Watson and W. A. Swain testified that immediately after the accident they saw the position of respondent's car; that it was just west of the westerly line of said westerly pedestrian lane, and at that time they saw someone assisting Mrs. Pinello to get up. Both of the appellants and Luccia Fannucci testified that shortly after the accident respondent said, "I know it was my fault but what can I do now?" None of them heard respondent sound her horn prior to the collision.

Respondent testified that she was traveling westerly on Geary Street; that when she arrived at the intersection of Ninth Avenue the signal indicated "Go" and she passed across said intersection, and when seventy-five or a hundred feet west of said intersection she saw Mrs. Pinello about five feet in front of her car. When she saw Mrs. Pinello she sounded her horn, and Mrs. Pinello jumped in front of the car and was hit and knocked down. She said she stopped her car within a distance of a foot and a half after hitting Mrs. Pinello. She denied making the statement to which appellants and Luccia Fannucci testified.

Ruth Tabor, a witness for respondent, testified that at the time of the accident she was driving east on Geary Street and witnessed same; that respondent's car was some distance west of said intersection at the time of the collision; that Mrs. Pinello came out from in front of an automobile that was parked at the curb; that she [Ruth Taylor] was going east on Geary Street when she heard the horn of respondent's car; that Mrs. Pinello threw up her hands and screamed and turned and ran four or five steps toward respondent's car and fell upon her hands and knees; that she was not struck by respondent's car.

Respondent's instruction No. 1, for the giving of which the appellants complain, is as follows: "I instruct you that the law of this state imposes upon a pedestrian, a duty to use ordinary care before proceeding to cross a highway where vehicles frequently pass and repass to see that there is no danger in attempting to cross; likewise, a pedestrian is required to look in both directions to see if any vehicles are approaching and if so, their rate of speed and proximity. This duty imposed by law is not fully performed by merely looking to the left or right as one steps from the street, but it is imperative during all the time he is crossing."

Then followed an instruction, also requested by respondent, in which the court told the jury that before it could find for the appellants the jury must find that appellants were entirely free from fault proximately contributing to the accident, regardless of how slight such fault might be; that if the jury found the appellants were guilty of such fault a verdict must be returned in favor of respondent.

These instructions, taken together, directed the jury that it must return a verdict for respondent if appellant Steffana Pinello did not continuously look both to her right and to her left as she proceeded across Geary Street, and this regardless of the fact that there was evidence that she was in the pedestrian lane at the time of the accident and that the "Stop" and "Go" signals had closed traffic on Geary Street.

The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he will not be exposed to danger which will come to him only from violation of law or duty by such person. (*Averdieck* v. *Barris,* 63 Cal. App. 495 [218 Pac. 786]; *Harris* v. *Johnson,* 174 Cal. 55 [161 Pac. 1155, Ann. Cas. 1918E, 560, L. R. A. 1917C, 477].) A pedestrian has the right to presume that the traffic rules will be obeyed. (*Walker* v. *Mason,* 109 Cal. App. 361 [293 Pac. 125]; *Dullanty* v. *Smith,* 203 Cal. 621 [265 Pac. 814].) Nor is a pedestrian required to look continuously to the right and to the left in crossing a street. (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649]; *Davis* v. *Renton,* 99 Cal. App. 264 [278 Pac. 442]; *Nickell* v. *Rosenfield,* 82 Cal. App. 369 [255 Pac. 760]; *Gett* v.

*Pacific G. & E. Co.,* 192 Cal. 621 [221 Pac. 376] ; *Lincoln* v. *Williams,* 119 Cal. App. 498 [6 Pac. (2d) 563].) In this last-cited case the court said: ''It is well settled that it is the duty of a pedestrian, in crossing a street, to use ordinary care under the circumstances, and that the question of whether a pedestrian does use such care is ordinarily a question of fact for the jury. (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649].) . . . But, as we have recently pointed out, such continuing duty in the nature of things cannot be said to impose upon the pedestrian the duty to look continuously in all directions at all times. (*Maggart* v. *Bell,* 116 Cal. App. 306 [2 Pac. (2d) 516].)''

█ Contributory negligence is a question of law only when the court is impelled to say from the facts that reasonable men can draw but one inference, and that, an inference pointing unerringly to the negligence of the plaintiff contributing to the injury. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125] ; *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513].)

█ In the case at bar there is evidence that when Mrs. Pinello was struck by respondent's automobile she was in the pedestrian path on the westerly side of Geary Street, and at that time traffic was closed on that street. Such being the case, the question of whether or not she was guilty of contributory negligence was for the jury. It is not contributory negligence to fail to look for danger where there is no reason to apprehend it. (*Gornstein* v. *Priver,* 64 Cal. App. 249–259 [221 Pac. 396].)

█ We are of the opinion that the trial court erred in giving respondent's instruction No. 1. By this instruction the trial court invaded the province of the jury to the substantial injury of appellants.

█ Instruction No. 20, asked for by appellants, should have been given. This refused instruction reads as follows: ''You are further instructed that if you believe from the evidence that plaintiff, Steffana Pinello, without any negligence on her part was crossing Geary Street at its intersection with Ninth Avenue along and within the pedestrian lane of such intersection, when traffic signals or controls at such intersection showed a 'Stop' traffic signal to traffic moving westerly along Geary Street, I charge you that said plaintiff, Steffana Pinello, was entitled to assume that such

traffic signal would be obeyed by a driver of an on-coming automobile being driven in a westerly direction along Geary Street and approaching the intersection at such time."

■ Instruction No. 21, requested by appellants and refused, reads as follows: "I instruct you that a person lawfully and carefully using a street has the right to assume that all other persons using the street will also use ordinary care and caution. This rule allows pedestrians to assume that motor vehicle drivers will obey and abide by the traffic laws and regulations." This instruction was approved in *Dullanty* v. *Smith, supra,* and should have been given.

■ Also, instruction No. 30, requested by appellants and refused by the court, is a correct statement of the law and should have been given. This instruction is as follows: "I instruct you that while both parties (the automobile driver and the pedestrian) are charged with the same degree of care, the amount of care exacted of the driver of a motor vehicle is far greater than the amount of care exacted of a foot passenger." (*De Greek* v. *Freeman,* 108 Cal. App. 645 [291 Pac. 854].)

By refusing to give the three instructions requested by appellants, and by giving instruction No. 1 for respondent, we are of the opinion that the court erred, and we cannot say that, but for these errors, under the facts of this case, a different verdict might not have been reached by the jury.

The judgment is reversed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 2, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1933.