16

JOHN B. INGRAM, Respondent, v. H. W. WESSENDORF et al., Appellants.

JOHN B. INGRAM, Appellant, v. H. W. WESSENDORF et al., Respondents.

Dempster & Dempster and J. H. Creighton for Plaintiff and Appellant.

W. I. Gilbert for Defendants and Appellants.

DESMOND, J., *pro tem.*—Case No. 10500 is an appeal by defendants H. W. Wessendorf and Margaret C. Wessendorf from a judgment entered against them in the sum of $7,500. Case No. 10512 involves the same parties, and is an appeal by plaintiff from an order granting a new trial entered after notice given of the first appeal.

It will be necessary to dispose of plaintiff's appeal first. The record shows that two judgments in the same amount were entered in this action against the same defendants, the

first on February 7, 1935; the second on June 3, 1935. This later judgment was actually signed on April 23, 1935, when the trial judge, on his own motion, signed and filed an order vacating the original findings of fact, conclusions of law and judgment, in the same order entering amended findings and conclusions, prepared "to conform to the proof". The original "Findings" had failed to include findings that the plaintiff was not guilty of contributory negligence that proximately contributed to his injuries; that the accident was not unavoidable; that the allegations of the answer were untrue.

All these deficiencies were supplied in the new findings which the court had ordered entered on March 18, 1935, when defendants' motion for a new trial was denied, but which, as stated, were not filed until more than a month later on April 23d. Under the new section 662, Code of Civil Procedure, added to the code in 1929, the trial court was empowered to make this order, as declared in the recent case of *Spier* v. *Lang*, 4 Cal. (2d) 711 [53 Pac. (2d) 138], the Supreme Court also holding that the fact that changed findings and conclusions and a modified judgment were not *filed* until a date subsequent to the 60-day period provided by section 660, Code of Civil Procedure, on motion for a new trial "would not destroy the power theretofore exercised in due time". But the defendants in this case on the day when the amended findings and conclusions were placed on file, namely, April 23, 1935, filed another notice of motion for a new trial setting up as grounds most of those mentioned in section 657, Code of Civil Procedure. An order granting a new trial was made on May 10th, not on any of the grounds mentioned in the motion, but, as stated in the minute order of that day, "upon the grounds that plaintiff failed to comply with sections 633 and 633a Code of Civil Procedure". This was an erroneous reference, corrected a week later by minutes ordered entered by the court showing the appropriate sections as 663 and 663a. A reference to section 663, Code of Civil Procedure, will show that it contemplates the court's vacating a judgment upon *motion of the party aggrieved,* and that section 663a places upon the same party the burden of complying with certain procedural requirements prior to the hearing of such motion.

Therefore, the order in this case granting motion for a new trial "upon the grounds that plaintiff failed to comply

with sections 663 and 663a'' cannot be sustained, because the plaintiff was not the aggrieved or moving party and was under no obligation and in no position to comply with the provisions of those sections. The plaintiff had a right to rely upon the previous action taken by the court ordering amended findings and conclusions and later, of its own motion, filing them and at the same time ordering a new judgment based thereon in nowise differing from the original judgment. As to this order granting a new trial solely on the ground mentioned which, as we have indicated, was no sufficient ground, the action of the trial court must be reversed since it was without jurisdiction to enter such an order. (*Laumann* v. *Conner*, 12 Cal. App. (2d) 631 [55 Pac. (2d) 1225].)

We pass now to consideration of the appeal of the defendants. It appears from the transcript that plaintiff, returning home from his work, was driving his Chevrolet automobile, an inclosed car, westerly on Sunset Boulevard in Los Angeles, between 2:30 and 3:00 A. M., March 18, 1934. As he approached the point where Hyperion Avenue enters Sunset Boulevard from the south, he prepared to make a left-hand turn, necessitating his crossing two sets of car tracks. He testified, ''I held out my hand about a half a block before I made my entrance to the car track.'' He also testified that before turning he saw an automobile coming east on Sunset Boulevard in the neighborhood of Sanborn Avenue, which enters Sunset a block west of Hyperion. He looked backward also to observe the traffic, dropped his outstretched arm for a moment as he was going into the turn about six feet east of the intersection center; then held it out again, traveling 10 to 15 miles per hour, and knew nothing more until he regained consciousness at the General Hospital five or six hours later. His car was struck by a Cadillac belonging to Margaret C. Wessendorf which was being driven by her husband, with her knowledge and consent. Mr. Wessendorf had no passenger with him. He was traveling east on Sunset, having taken some friends home to Hollywood from the Jonathan Club and at the time of the accident was returning to the club. He testified that he did not see the Chevrolet until it was about 25 feet away from him; that he then swung over to the right side of the street and struck plaintiff's car. There was evidence

that before the collision he applied his brakes, skidded, and that he stopped about 100 feet away from plaintiff's car. Mr. and Mrs. Bear were also driving easterly on Sunset Boulevard at that time, and testified that Mr. Wessendorf passed them on the left in the neighborhood of Sanborn and Sunset. Mr. Bear testified that he was driving his own car at 40 to 45 miles per hour; Mrs. Bear, that Wessendorf was traveling 60 to 70 miles per hour when he passed them. Bear also testified that the Wessendorf car continued on the extreme northerly track until striking the other car, ''swerving in then toward the curbing''. He stated that Ingram's car rolled clear over, ''I believe twice. Mr. Ingram was thrown out of the car . . . forward . . . through the front of the car, possibly 15 or 20 feet clear of the car.''

In this accident, plaintiff sustained serious injuries, including concussion of the brain, a wound upon the head and a comminuted fracture of the femur of one of his legs. As a result this leg was shortened causing permanent lameness and at the time of trial, almost a year later, plaintiff was walking on crutches. There was testimony that he would probably require the use of crutches for another year.

█ Defendants in their appeal contend that the evidence adduced at the trial was insufficient to sustain the decision of the court against them, specifying also certain errors, claimed to have been committed by the court in ruling upon points of evidence and in having filed the findings, conclusions and judgment. As to the last item, we may say that if any error occurred in the original documents, it was cured by the court's filing amended orders; as to the exceptions on controverted points of evidence, we find from an examination of the record that none of them can be sustained, for the reason that in each instance the trial court ruled correctly. As to the other and chief ground of appeal, namely, insufficiency of the evidence, we note the claim that plaintiff was guilty of negligence as a matter of law, these appellants contending that he violated various and sundry provisions of the California Vehicle Act, in that he did not drive to and pass to the right of the center of the intersection before making his left-hand turn; in that he failed, before turning, to observe whether the Cadillac was approaching at such a speed and so closely to the intersection as to threaten his safety; in that he did not stop in approaching and turning into the

intersection to see if the turn could be made in safety; in that he failed to comply completely with the rule requiring an outstretched arm when making a turn; in that he drove an automobile so covered and obstructed as to obscure his vision to the rear.

In *Mast* v. *Claxton*, 107 Cal. App. 59, we find the following at page 64 [290 Pac. 48]: "Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference, and that inference points unerringly to the negligence of the plaintiff contributing to his injury. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; . . . *Smith* v. *Southern Pacific Co.*, 201 Cal. 57 [255 Pac. 500]; . . . *Flores* v. *Fitzgerald*, 204 Cal. 374 [268 Pac. 369] . . . )" ■ In the instant case the court was sitting without a jury and, being familiar with all the circumstances, decided that plaintiff was not chargeable with contributory negligence. The fact that, in the instant case, respondent may have violated one or more traffic regulations does not necessarily mean that he was chargeable with contributory negligence; to bar recovery on that ground it would be necessary to show that such violation directly or proximately contributed to the accident and resulting injuries. In *Skaggs* v. *Wiley*, 108 Cal. App. 429, an automobile collision case tried by the court, we find the rule stated thus, at page 433 [292 Pac. 132: " . . . a failure to observe the statutory requirement . . . will, if the same proximately causes or contributes to the injury complained of, constitute negligence as a matter of law, the principle that a violation of the statute is negligence *per se* being subject to the limitation that the act or omission must proximately cause or contribute to the injury. (*Mathes* v. *Aggeler & Musser etc. Co.*, 179 Cal. 697 [178 Pac. 713]; . . . *Dewhirst* v. *Leopold*, 194 Cal. 424 [229 Pac. 30]; . . . *Williams* v. *Southern Pac. Co.*, 173 Cal. 525 [160 Pac. 660]; . . . *Thomas* v. *German etc. Society*, 168 Cal. 183 [141 Pac. 1186]; . . . )" See, also, *Inouye* v. *Gilboy Co.*, 115 Cal. App. 25, at page 28 [300 Pac. 835].

The trial court in the instant case, with all the facts and circumstances before it, decided that respondent did not contribute by his own negligence, if any existed, to the injuries which he received. We cannot say from our examination of

the record that he was guilty of contributory negligence as a matter of law. "When the facts are clear and undisputed, and when no other inference than that of negligence or contributory negligence can be drawn from such facts, then and only then, is the question of negligence or contributory negligence one of law." (*Hanson* v. *Cordoza*, 106 Cal. App. 500 [290 Pac. 62].)

 Appellants claim that excessive damages were awarded respondent by the court. In view of the injuries sustained, we hold that as to appellant H. W. Wessondorf, the claim is not well founded, and as to him the judgment is affirmed. As to appellant Margaret C. Wessendorf the judgment must be modified because of the $5,000 recovery limitation which was fixed in a case of this sort by section 1714¼ of the Civil Code, in effect at the time plaintiff's injuries were received; since superseded by section 402 of the Vehicle Code. (Stats. 1935, p. 93, at p. 153.)

The orders of May 10, 1935, and May 17, 1935, granting motion for new trial, reversed. Judgment against H. W. Wessendorf affirmed; judgment against Margaret C. Wessendorf modified by reducing it in amount from $7,500 to $5,000.

York, Acting P. J., and Doran, J., concurred.

A petition by defendants and appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1936.

[Crim. No. 2834. Second Appellate District, Division Two.—May 12, 1936.]