[Civ. No. 10251. Third Dist. July 30, 1962.]

KARL ALLEN COZAD, Plaintiff and Respondent, v. ROBERT DWIGHT HENRY, Defendant and Appellant.

Robert M. Cole for Defendant and Appellant.

Sandford, Barry, Rankin & O'Connor and Donald L. O'Connor for Plaintiff and Respondent.

PEEK, P. J.—Defendant appeals from a judgment entered in favor of plaintiff in an action for damages resulting from an automobile accident.

On October 26, 1957, at approximately 10 p. m., plaintiff was driving north on U.S. Highway 99E. One Jones, a friend, was following at a distance of approximately 150 feet behind plaintiff's automobile. Plaintiff and Jones were traveling in the direction of a restaurant located on the left-hand side of the highway. As the two cars approached the café, they slowed down to approximately 25 to 30 miles an hour. Approximately 100 yards before reaching the entrance to the café, plaintiff turned on the left-turn blinker light on his car, looked in his rear-view mirror, and saw no one other than Jones behind him. He noted that Jones also had his left-turn signal operating. Just before making the left-hand turn into the entrance of the café, plaintiff again looked in the rear-view mirror and saw only Jones. Plaintiff was partially across the southbound lane when his car was struck in the left rear portion by defendant, who had driven into the southbound lane in order to pass both cars.

Defendant testified he did not observe the left-turn signals on either car; that his car was traveling at a speed of 50 to 55 miles an hour; that he did not sound his horn; that he did not see the plaintiff's car until he passed Jones; and that when he observed plaintiff turning left it was too late to turn in front of Jones or to slow down and return to his position behind him. The record further shows that defendant left no skid marks prior to the impact.

Jones testified that the electric signals on both cars were operating; that he observed defendant's car in his rear-view mirror; and that when plaintiff started his turn, defendant whipped out behind him.

On appeal, defendant contends that plaintiff was contributorily negligent as a matter of law, in that he failed to comply with section 22107 of the Vehicle Code, which provides that no person shall make a left-hand turn until such turn can be

made with reasonable safety, and then only after giving an appropriate signal. The law is well established that the section in question must be given a reasonable common-sense construction. Thus, "If the situation is such that the turn may safely be made if other drivers obey the law and exercise reasonable care, the driver is entitled, after giving the proper signal, to make his left turn, and, having done so, he is not to be held to have acted in violation of the statute." (*Hanson* v. *Cordoza*, 106 Cal.App. 500, 505 [290 P. 62]; see also *Inouye* v. *Gilboy Co.*, 115 Cal.App. 25 [300 P. 835].)

 Whether or not a driver has exercised reasonable care in making such a turn is a question of fact for the trial court. (*Huber* v. *Scott*, 122 Cal.App. 334 [10 P.2d 150].)

 There can be no question but that the evidence so summarized amply supports the conclusion of the trial court in this regard.

Defendant further contends that the court erred when it found him negligent. His contention in this regard is that since plaintiff was negligent as a matter of law, and since there was no evidence of his contributory negligence, therefore he should have received judgment on his cross-complaint. What we have heretofore said is equally applicable to this contention.

 Defendant's final contention is that plaintiff, who brought the action as the assignee of an insurance company on its claim, did not prove that his assignor was the insurance company which had a claim against the defendant. On January 28, 1958, the California State Automobile Association sent a letter to defendant in which it was noted that its insured was Carl A. Cozad; that its claim was in the amount of $1,183.20; and in which it requested information as to the attitude of the defendant toward payment of the claim. The copy of the letter introduced in evidence did not disclose the name of the insurer. This deficiency was corrected by the introduction of another letter which disclosed that the insurer was the California State Automobile Association. The narrow objection of defendant on this phase of the case is purely a question as to the sufficiency of the evidence to show that the assignor was plaintiff's insurer. The evidence is sufficient to sustain the finding of the trial court that the assignor was the insurer and defendant's voiced objection is without merit.

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.