D. A. PECK, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 10, 1888.**

1. PRACTICE—PROVINCE OF JURY—CASES WHERE COURT MAY INTER-FERE.—Whenever, from all the facts and circumstances in evidence, a jury may, without doing violence to the dictates of reason and common sense, infer a given fact on account of its known relation to the fact proven, the court should not interpose its own different conclusion. But the due protection of property rights demands that the court should draw the line between tangible evidence and reasonable, legitimate deductions, and mere conjecture or speculation.

2. ——— EVIDENCE TO JUSTIFY A VERDICT—CHARACTER OF.—While
the law does not require positive proof, it does require such proof
as will leave no reasonable doubt of the existence of the fact upon
which the verdict must rest.

APPEAL from Cass Circuit Court, HON. CHARLES
W. SLOAN, Judge.

*Reversed and remanded.*

*Motion for rehearing denied.*

The case and facts are stated in the opinion of the
court.

ADAMS & BOWLES, for the appellant.

I.   The action of the circuit court in setting aside the
first judgment rendered without any motion made there-
for, and rendering another judgment, was unwarranted
by law ; and the pretended judgment is void.  *Smith v.
Best*, 42 Mo. 185 ; *Lawther v. Agee*, 34 Mo. 372 ; *Brack-
ett v. Brackett*, 61 Mo. 221 ; *Henry v. Gibson*, 55 Mo.
571.   The statutes provide for what causes a finding or
judgment may be set aside.  No such proceedings were
had in this case as are authorized by the statute.  Rev.
Stat., sec. 3704 ; *Nelson v. Ghiselin*, 17 Mo. App. 665 ;
*State ex rel. v. Adams*, 84 Mo. 316.

II.   The evidence in this case was insufficient to
make out even a *prima-facie* case, and the court erred
in refusing to declare the law as prayed by defendant in
instructions numbered one, two, three, and four.  *Sheldon
v. Railroad*, 29 Barb. 228.   The evidence in this case
scarcely raises a suspicion that the fire was caused by
defendant.  A freight train passed through plaintiff's
farm, and about an hour, or an hour and a half after-
wards, some parties, traveling along the railroad track,
discovered a fire burning on the edge of the right of
way, and in plaintiff's field.   There was no evidence
of the escape of any fire from the locomotive.   It is pos-
sible that the fire may have been caused by the passing

freight train ; it may have been set by some one passing
along the track, or it may have occurred in many other
ways.    The evidence is silent, however, as to the man-
ner in which it did actually occur.    To hold the defend-
ant liable upon such evidence is simply to say that if
a casualty occurs along the railroad, or near it, though
the company be engaged in the lawful use and operation
of its property, it is responsible for what it may have
done, without the least proof that it, in any manner,
caused the damage.    There should be something more
than a mere suspicion or possibility that it caused the
injury before it should be mulcted in damages.

No brief for the respondent.

PHILIPS, P. J.—This is an action to recover damages
alleged to have been done to plaintiff's fence and
meadow by fire negligently communicated thereto by
one of defendant's passing locomotives.    The plaintiff
recovered judgment ; and the important question arising
on this appeal is, whether or not there was sufficient
evidence introduced by plaintiff to support the verdict.
The plaintiff testified as to his ownership of the
property destroyed, and the extent of the damage.    He
was not at home when the fire occurred, and did not
even see the fire.    The only witness whose evidence
bears upon the question of the communication of fire
was John Mercer, who testified as follows :    "I saw one
fire in Mr. Peck's field, on north side of railroad ; I
can't just give the date of it ; I saw the fire on the
north side of the railroad along in October, 1886 ; I was
coming along on the hand-car at the time ; I was work-
ing on the section for the Missouri Pacific railroad at
that time ; we were coming east on the hand-car towards
Strasburg ; we were coming from the direction of
Pleasant Hill ; as we were coming east on the hand-car,
it was some time in October last year, we met a freight
train on the Missouri Pacific railroad a mile and a half
west of where the fire was ; the train was going west,

and we were coming east; we took our car off the track and let the train pass; after the train had passed, we put the car on the track again and started on east; after we had gone a mile and a half from where we met the train we came to where the railroad runs through Mr. Peck's field; when we got there the fire was burning on the edge of the right of way, and was spreading towards his meadow and field; we stopped, and tried to put it out; the fire had burned along on the right of way and in the field adjoining the railroad; the fire seemed to have started on the right of way; I did not see it start, but from the fact that it had burned some of the weeds on the right of way, it looked to me as though the fire had started on the edge of the right of way. The grass was very dry; the wind was blowing pretty smart from the south. Before the fire occurred, think the grass on the right of way had been mowed, but not burned."

I.   It is ever, or should be, with reluctance that courts interfere with the province of juries, or with the court sitting as a jury, as in this case, in passing upon questions of fact. Whenever, from all the facts and circumstances in evidence, a jury may, without doing violence to the dictates of reason and common sense, infer a given fact on account of its known relation to the fact proved, the court should not interpose its own different conclusion. But while this is correct, the due protection of property rights demands that the court should draw the line with a firm hand between tangible evidence and reasonable, legitimate deductions, and mere conjecture or speculation.

In this case there was no proof that any fire was seen to escape from any engine or train of cars on defendant's road, at or about the time in question. The only proof was that a freight train on defendant's road was seen one mile and a half from the fire going west. What time that train passed the given point, in relation to the appearance of the fire, is not disclosed. Whether

the train had stopped at any point, or had run continuously over the intermediate space, or at what rate of speed it was running when seen, are matters not developed. How long did it occupy in covering the mile and a half? How long did it take the car-men to replace the hand-car on the track, and to run the mile and a half before the witness Mercer discovered the fire? There was absolutely no evidence of these facts; and the jury, or the court, were left entirely to mere conjecture and guess as to these important facts.

Then again the court was left entirely in the dark as to how long the fire had been burning when Mercer discovered it. It may, so far as this record discloses, have been burning when the freight train passed that point. The burden of proof rested on the plaintiff to make out his case. There was no evidence to the effect that just before the passing of defendant's engine no fire was seen at that point, by a person having an opportunity to see it. Nor was there any evidence that immediately after the train passed the fire appeared on the track.

In *Kenney v. Railroad*, 70 Mo. 245, 252, this question of sufficiency of evidence is elaborately considered. There the evidence showed that just before the engines passed there was no fire on the track, and that immediately thereafter, fire appeared. It was held that there was such "known and experienced connection subsisting between the collateral facts, or circumstances, satisfactorily proved, and the fact in controversy," as to justify the submission of the case to the judgment of the jury. The illustration given by the learned judge who wrote the opinion, of a person passing through a meadow conveying fire in a vessel, from which sparks, without due caution, might escape, and immediately thereafter a fire is discovered springing up in his wake, shows the proper application of the rule of legitimate inference for the jury to make. But no such facts, or their cognates, were in proof here.

The case of *Sheldon v. Railroad*, 29 Barb. 226,

alluded to in the opinion, *supra*, is more allied, in its facts, to the case at bar. There the plaintiff's mill, within sixty-seven feet of the railroad track, with its windows open, and highly inflammable material within, was discovered to be on fire in about one hour and seventeen minutes after an engine had passed. No one saw any sparks emitted from the engine. Nor was there any proof that just before the engine passed no fire was observed about the mill. The court held the evidence to be insufficient to support a verdict. The court say : "These facts, standing alone, do no more than make out a possible case that possibly the fire proceeded from defendant's locomotive. It is not enough for plaintiff to show a possibility that the fire was communicated to the mill by sparks emitted by defendant's locomotive. He cannot recover upon a possibility. Even if the evidence went further and brought the fact sought to be proved within a probability, still the plaintiff must fail ; because to justify a verdict, the law requires, not positive proof it is true, but such proof as will leave no reasonable doubt of the existence of the fact upon which it must rest. The rights of property, and all claims to its possession and enjoyment, are dependent upon the existence of certain facts. And when they are disputed and become the subject of judicial investigation, if juries could assume their existence, without sufficient evidence and render verdicts upon possibility, probability, and conjecture, the courts would be shorn of their legitimate authority, and the wise and just rules of common law, as they have been recognized and applied from time immemorial, would lose their principal value."

There were so many other means by which the fire in question may have originated, within the range of possibility, and probability, as to render a judgment against the defendant too conjectural on the evidence adduced by the plaintiff.

Under the view entertained of the merits of this case, it is unnecessary to discuss other errors assigned by the appellant. The demurrer to the evidence should

have been sustained. The judgment of the circuit court is reversed, and the cause is remanded. All concur.

### On motion for rehearing.

PER CURIAM.—It is assigned, first, as ground, for granting a rehearing herein, that the court erred in overruling respondent's motion to dismiss the appeal on the ground that appellant had failed to file an assignment of errors. That motion was denied because as a matter of fact appellant did file an assignment of errors on and before the cause was submitted, and on the same day it was set for hearing, it being the first day of the term on which the case was set for hearing on the docket. This was sufficient. Rev. Stat., sec. 3764.

It is next assigned as ground for granting a rehearing that the opinion of the court is contrary to the provisions of section 810, Revised Statutes, as amended in 1883. Laws, Mo. 1883, pp. 50, 51. The amendment presumably referred to is the provision which requires railroad companies to cause dead and dry vegetation and undergrowth upon their right of way to be cleared off and burned, and making the companies liable for all damages done by the neglect of such duty. It is a sufficient answer to this suggestion to say, that the action is not predicated of this statute. It is based on the negligence of defendant in operating its railroad with defective machinery and carelessly and negligently setting fire to plaintiff's fences and meadow. It could not be maintained seriously, we presume, by counsel that under this petition he could recover judgment by merely proving the fact that grass, etc., remained upon defendant's right of way. This is too clear to require any citation of authorities.

We might with propriety have reversed this cause without remanding it; but concluded to remand the same to enable plaintiff, if he could, to supply the essential proofs. The motion is denied.