[Civ. No. 6582. First Appellate District, Division Two.—February 21, 1929.]

JESSICA A. JOHNSON, Appellant, v. CARL W. FLETCHER et al., Respondents.

Joseph A. Brown for Appellant.

Bert Schlesinger, Jerome H. Bayer and Sullivan & Sullivan and Theo. J. Roche for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to recover a judgment awarding her damages alleged to have been caused by certain fraudulent misrepresentations. The trial court sustained, without leave to amend, a demurrer to the fourth complaint, that is the third amended complaint filed by the plaintiff; the plaintiff made no application to amend and twelve days later the trial court caused a judgment to be entered in favor of the defendants from which the plaintiff has appealed. If any attack stated in the demurrer was well founded, it follows that the trial court did not err in its ruling on the demurrer. (*Burke* v. *Maguire,* 154 Cal. 456, 461 [98 Pac. 21].)

 The complaint and the demurrer are very long. It will serve no useful purpose to recite the entire contents of either or both. Among the numerous attacks made by the demurrer there were included among others: " (I) That said fourth amended complaint does not state facts sufficient to constitute a cause of action against said defendants or either or any of them; (II) that said fourth amended complaint is uncertain in this: (a) that it cannot be ascertained therefrom . . . what if any damages plaintiff is alleged to have sustained . . . (i) it cannot be ascertained therefrom at what time or times the alleged representations are alleged to have been made." It was apparently the claim of the plaintiff that by reason of the fraudulent acts of the defendants she bought for $30,000

the furniture contained in, and the leasehold interest in, an apartment house known as number 1007 Sutter Street, in San Francisco; that the furniture and the leasehold were valueless and that her damage was therefore $30,000, the amount which she had paid. To state her case her pleading "must of course show the fraudulent representations; that they were known by the defendant to be false or were made under circumstances not warranted by his knowledge; that they were actually false; that they were made with intent to deceive the plaintiff or with intent to induce him to enter into the transaction; that the plaintiff relied upon the representations believing them to be true; and that he was injured." (12 Cal. Jur., p. 806.) Her pleading did not conform to these requirements and was subject to the attacks above quoted. As to some matters she failed to state sufficient facts; as to some other matters her statements are mere recitals and not positive allegations; and as to some other matters her statements are uncertain, ambiguous, and unintelligible. She alleges: "That this plaintiff was induced to purchase the said apartment house and was induced to pay the said moneys hereinbefore specified for the said apartment house, and the maintenance of said house by reason of the defendants, and each of them, having falsely, wilfully and untruthfully, and knowingly stated and represented to this plaintiff with the intent, purpose and object of wilfully cheating and defrauding plaintiff, and with the full knowledge of defendants that each and all of said statements were false and untrue, the following matters and things concerning the said apartment house and business therein conducted, which statements and representations are and were known to the defendants to be untrue, and, each of them is wholly untrue, and made with the intent to cheat and defraud plaintiff, the same being as follows:" The above allegation is a recital of facts and not a positive allegation. All matters of substance should be alleged positively and may not be stated in the form of recitals. (*Philbrook* v. *Randall*, 195 Cal. 95, 103 [231 Pac. 739].) If any representation was made, the pleader does not state when it was made, whether before or after, or whether at the time plaintiff made her purchase, July 2, 1924, nor does she allege any facts showing that the representations, if any, were

made during and as part of the negotiations leading to the making of the contract. A possible exception to this criticism exists regarding the representation that Mrs. Boyd would buy if the plaintiff did not buy, but as to that representation it is not alleged that it was false. If any representation was made and the plaintiff relied thereon, such fact should have been alleged as a part of the plaintiff's cause of action. (12 Cal. Jur. 812; *Hallidie* v. *First Federal Trust Co.*, 177 Cal. 600, 603 [171 Pac. 431].) But the plaintiff's pleading contains no positive allegation on that subject. There is a parenthetical recital in paragraph IX, but as stated above, all matters of substance must be made by positive allegations. This is true because the very object of drawing a complaint is to frame it in such manner that the defendant can admit or deny and thus form an issue. The demurrer was properly sustained. (*Denver* v. *Burton*, 28 Cal. 549.)

The last attack made by the demurrer which is quoted hereinabove is based on the contention that the complaint does not properly plead damages. Bearing in mind that this is an action as for deceit, and not an action in rescission, the rule applicable is succinctly stated by Mr. Chitty in volume 1 of his work on pleading, commencing on page 396, as follows: "But when the law does *not necessarily imply* that the plaintiff sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity; . . . and in case of deceit some resulting damage must be alleged and proved." (Italics the author's.) In the case of *Harron, Rickard & McCone* v. *Wilson, Lyon & Co.*, 4 Cal. App. 488 [88 Pac. 512], the court was considering a pleading more nearly perfect than the pleading in the instant case. The court quoted and followed the rule as above stated. Moreover, it held that the pleader should have pleaded the elements making up his damage. In *Munson* v. *Fishburn*, 183 Cal. 206, at page 216 [190 Pac. 808, 812], the court said: "It is, of course, well settled that in an action of damages for deceit the plaintiff must allege and prove the precise amount thereof." In drawing her pleading the plaintiff in the instant case inserted an intimation that she paid for the property $30,000, but there is no direct averment to that effect. To show that the lease had no value

the plaintiff attempted to plead that the rental reserved in the lease was as high, or higher, than the market value. (36 C. J. 1282.) But she does not attempt to plead what was the market value of the use of the premises. From the pleading as it stands we may not infer nor presume that the plaintiff did not get value received or that the property as purchased was not worth the value which it was represented to have.

If it be claimed that the trial court abused its discretion in not allowing the plaintiff to file another amended pleading, it is sufficient to say that the judgment recites that the demurrer was sustained on the fourth day of February, that no application to amend was presented and the judgment was entered on the sixteenth day of February. The appeal is on the judgment-roll without a bill of exceptions. Under these circumstances no abuse of discretion is shown. (*Philbrook* v. *Randall, supra.*)

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.