LOUISE MOORE, RESPONDENT, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, APPELLANT.—92 S. W. (2d) 912.

Kansas City Court of Appeals.   April 6, 1936.

*C. R. Leslie, R. D. Johnson* and *Hume & Raymond* for respondent.

*Henry S. Conrad, L. E. Durham, Hale Houts* and *Wright Conrad* for appellant.

SHAIN, P. J.—This is an action for personal injuries alleged to have been caused by the plaintiff falling upon the floor of defendant's store, while in said store shopping.

Plaintiff's allegations of negligence are based upon the statement that shortly before she fell upon the floor the agents and servants had mopped said floor so "that the floor of said store, at said time, upon which plaintiff was walking and moving about, was dangerously smooth, slick, slippery and wet, thereby being dangerous to customers, including the plaintiff moving about and over the same." The usual allegations of knowledge or opportunity for knowledge are plead and negligence is duly plead as to the permitting the floor to be in aforesaid alleged dangerous condition.

It is duly alleged that the negligence plead caused the fall and the injury. The injury to plaintiff is alleged as follows:

"Plaintiff's back was bruised, wrenched, twisted, and made lame and sore, and she sustained a severe shock to her nerves and whole central nervous system; her arms were made lame and sore and were severely bruised; she sustained a concussion of the spinal cord and a permanent injury to all her nerves because thereof. She sustained severe bruises to the muscles, ligaments, and attachments to her spine and her hips, her sacrum, and the lower extremity of her spine and all of her vertebrae were severally wrenched and bruised, and made lame so that she is scarcely able to stand alone and is compelled to resort to medical and surgical treatment and is compelled to wear a surgical apparatus because of her said injuries, which is a great annoyance and inconvenience to which she is compelled to submit because of said injuries and will be so confined for a long time; that she has lost her natural rest and sleep because of said injuries and has suffered intense bodily pain and mental anguish and will so suffer for a long time to come. She has lost much of her vitality and is made extremely nervous. Plaintiff says that all of said injuries are lasting and permanent and have disabled her so that she is unable to work and labor and do ordinary household duties and such injuries will continue indefinitely and the same are permanent."

The defendant makes answer by general denial.

There was a trial by jury resulting in a verdict for the plaintiff in the sum of $2500. Judgment was duly entered for said amount and the defendant has appealed.

## OPINION.

To conform to the situation in the trial court, we will continue to refer to the respondent as plaintiff and the appellant as defendant.

At the close of all of the evidence, the defendant asked a peremptory instruction directing a verdict for defendant. This was refused

by the trial court and the defendant urges as its first assignment of error the refusal of the court to give this instruction.

In the consideration of the above claim of error, it becomes our duty to give consideration of all of the testimony in its most favorable light to plaintiff's stated cause of action.

It stands undisputed that the defendant's floor was covered with linoleum and that, from fifteen to twenty minutes before the plaintiff came into the store, the floor had been mopped and cleaned. It is admitted that the plaintiff was in defendant's store as a customer and that she fell on the floor. According to plaintiff's testimony, she received the injuries of which she complains as a result of this fall.

The plaintiff called as witnesses the clerks, who were in the store when she fell, and the manager who came into the store directly after she fell. The plaintiff was allowed by the court the liberty to cross examine these witnesses. The testimony of the foregoing witnesses was not so favorable to the plaintiff as is her own testimony and, if the case rested upon the testimony of these witnesses, the law as declared in Cluett v. Union Electric Light & Power Co., 220 S. W. 865, would be very direct in its application to the case as made by the evidence of the employees of defendant that were called and testified on behalf of plaintiff. The Cluett case, supra, will be considered by us later in the opinion. However, as the plaintiff's own testimony is much more favorable to her than is the testimony of the employees of the defendant, we deem it unnecessary to set out said testimony in our opinion further than to say that these witnesses testified that some fifteen or twenty minutes before plaintiff fell the floor had been mopped with a solution of lye and climaline in water and that the floor had been wiped thereafter with a dry mop

The testimony of the plaintiff, touching her fall, will be best understood by presenting here questions and answers as appearing in the record, to-wit:

"Q. Now tell what occurred on the 9th day of April as to your trip over there, what you went for and what occurred? A. Well, I went over there to get a loaf of bread and some washing powder.

"Q. When you got over there it was about what time of day? A. It was about 11:30 when I left my home.

"Q. About 11:30? A. Yes, sir."

Further on in the record her testimony was as follows:

"A. Well, my feet slipped out from under me and I sat down violently.

"Q. On the floor? A. On the floor.

"Q. What was the floor covered with as to—I mean the structure of it? A. Linoleum.

"Q. Now, do you know why you fell, what made you fall, how it occurred? A. Why, the floor was very slippery and wet.

"Q. At the other places where you had been in the store, over where you got the bread and the other places other than where you fell, did you notice whether it was wet or not? A. No, sir, I didn't look to see.

"Q. Well, did you notice whether it was slippery, or did you slip? A. No, it wasn't slippery.

"Q. Now you say it was slippery and wet? A. Yes, sir.

"Q. How do you know that? Why do you say that? A. I could see it, and I told the boys that come to help me up that it was wet.

"Q. Was there any other way of knowing it being slippery besides? A. Why, yes; when I tried to get up my feet would slip and I had to put my hands down and I could feel the moisture on my hands.

"Q. Did it appear to be clear water on the linoleum, or was it otherwise? A. No, it was something that made it slick and slippery."

Further on in plaintiff's testimony, the following questions and answers appear:

"Q. In your time have you used lye and such stuff as climaline? A. I have used climaline, but not the lye; I have used other washing powders, too.

"Q. I will ask you what the general effect that has in water when you use it on such a surface as linoleum? A. It has a tendency to make it slippery.

"Q. More so than plain water? A. Yes, sir."

On cross-examination, plaintiff was confronted with a deposition she had given and some discrepencies are shown. However, from an examination of the record we conclude that, with due regard for all conflict between testimony at the trial and in the deposition, the plaintiff is entitled to every inference that can be drawn from the testimony set out above.

As supporting its contention that this cause should not have gone to the jury, the defendant has cited Cluett v. Union Electric Light & Power Company, supra.

The opinion in the above case was written by RAILEY, C., of the Supreme Court. WHITE, C., concurs except as to paragraph three. The opinion was adopted by the Supreme Court with the notation that, "all concur in the result." With such notation, the language used in paragraph three of the opinion cannot be given such unqualified adherence as would otherwise be given.

The facts in the Cluett case, while bearing analogy to the situation in the case at bar, we conclude have distinguishing features. In the Cluett case the plaintiff fell on a linoleum covered floor.

In the Cluett case the following questions and answers appear:

"Q. But you didn't notice anything wrong there; you didn't notice anything on the floor to make it slippery, did you? A. No, sir.

"Q. You say it was slippery because you fell? A. I supposed it was washed, you know, and avoided his pail.

"Q. I am not asking what you supposed, but in regard to the facts. A. Well.

"Q. Was there anything you saw there at all— A. Nothing at all.

"Q. —that would make it slippery? A. No."

Further on in the testimony, the following:

"This was a dry place I walked over; I walked over the dry place that I supposed had been left for that purpose and that is where I slipped."

In the opinion in the Cluett case there appears a quotation from an opinion by Judge PHILIPS, in Peck v. Railway Co., 31 Mo. App. 126, as follows:

"Whenever, from all the facts and circumstances in evidence, a jury may, without doing violence to the dictates of reason and common sense, infer a given fact on account of its known relation to the fact proved, the court should not interpose its own different conclusion. But while this is correct, the due protection of property rights demands that the court should draw the line with a firm hand between tangible evidence and reasonable, legitimate deductions, and mere conjecture or speculation."

In the Cluett case it was decided that there was no issue of fact for the jury. We conclude that the testimony of the plaintiff in the above case, as to wetness of the floor, was but an opinion that constituted a conclusion drawn from the mere happening of an event and not based upon any evidence.

The opinion of the witness is in fact not in harmony with the facts as testified to by the witness herself. It is evident, we conclude, that the result in the Cluett case is based upon the above state of facts. However, there is language in the opinion in paragraph three of the Cluett case that goes further as follows:

"Aside from the foregoing, we are of the opinion that defendant should not be held liable, even if the place where plaintiff fell had been previously mopped and left in a damp condition. If liability be sustained in this kind of case, it would simply open the floodgates to all kinds of speculative litigation that has, according to our conception of the law, already been extended much too far for the public good."

The above language, we conclude, is not even pertinent to the conclusion as reached in the Cluett case and as applied to the facts as presented in the case at bar we treat the same as *dictum*.

Due to the fact that the evidence of plaintiff is to the effect that her fall was occasioned by a wet and slippery condition of the floor that

was occasioned by the recent mopping thereof, we conclude that there is an issue of fact presented on the pleading of negligence to the effect that the act of so mopping said floor was negligent and careless because done at a time when the said store was open to the general public and particularly to the plaintiff, to resort therein for business purposes for the purpose of making purchases of the merchandise therein on display and for sale by the defendant.

The defendant presents in point two of its brief, as follows:

"There was no credible, substantial evidence that there was any slippery substance on the floor. The court erred in overruling defendant's motion to strike out all of the testimony of plaintiff as to any such condition (R. 158, 159). The court also erred in refusing defendant's requested Instructions 'D-No. 5' and 'D-No. 6'." [R. 166, 167.]

In the testimony of plaintiff, set out above, she testified as to effect of a cleaning substance, climaline, that was used. We conclude that plaintiff's testimony presents an issue of fact as to slippery substance and conclude that there was no error in refusal to strike the testimony.

As to error claimed as to instructions D-No. 5 and D-No. 6, no reason is assigned either in assignment of errors or under points and authorities and therefore nothing is presented for review. An examination of the instructions discloses that same are withdrawal instructions the giving or refusing of which rests in the sound discretion of the court.

Defendant's claim of error number three is stated as follows:

"The court erred in admitting testimony of Dr. Donaldson that contraction of the muscles on the left side could have caused a curvature of plaintiff's spine. [R. 108-110.] The testimony was based upon hypotheses propounded by plaintiff's counsel which were improper and insufficient to support any opinion upon the matter. It was also based upon an assumption of facts of which there was no evidence."

By turning to the record, we find a hypothetical question asked, to which objection is made as follows:

"Mr. Conrad: I object to the question as not being properly hypothesized, including facts not in evidence, including improper facts and calling for an improper conclusion."

Following the above, the following occurs:

"Mr. Leslie: I invoke the rule laid down many times by the appellate courts, if counsel will ask me to supply the facts which I have omitted I will be glad to do it, and if I have stated any facts not in evidence or which I promise to have in evidence, I will be glad to eliminate them.

"Mr. Conrad: I stand on the objection."

This court has repeatedly held that, where an objection is made

to a hypothetical question, if there be a refusal of the objecting party to point out defects therein, there is no reversible error in overruling objection. [Plater v. Mullins Construction Co., 223 Mo. App. 650, 17 S. W. (2d) 658.]

One making the claim, as above stated, should at least inform the court wherein what assumption of facts were not in evidence. The only element missing from the question, that is disclosed by the record, was concerning rigidity of muscles on left side of the back which evidence counsel for plaintiff agreed to supply and the same was supplied by the testimony of plaintiff's witness Dr. Feist.

Defendant's fourth assignment is as follows:

"The court erred in giving plaintiff's Instruction 'P. No. 5.' The Instruction improperly authorized the jury, in the event of finding for plaintiff, in arriving at plaintiff's damages to consider 'her disability' not the result of her injury."

Instruction number five is as follows:

"The court instructs the jury that if, under the evidence and instructions of the court, your verdict is in favor of the plaintiff, it then becomes your duty to assess damages in favor of the plaintiff and against the defendant in such an amount as in your judgment will reasonably compensate plaintiff for the injuries she sustained, if any, and in arriving at your verdict you may take into consideration the following, to-wit:

"(1)  The nature, character and extent of her injuries, if any, and her disability, if any.

"(2)  The pain of body and mind, if any, which the plaintiff has suffered as a result of said injuries, if any.

"(3)  The pain of body and mind and disability, if any, which plaintiff is reasonably certain to suffer in the future as a direct result of said injuries, if any.

"(4)  The impairment of her power to work and labor, if any, as a direct result of said injuries, if any.

"If you find for the plaintiff your verdict should be in one lump sum."

We conclude that the instruction when read as a whole is not erroneous and does not authorize the jury to find for disability other than as sustained by the jury, if any.  Paragraphs one to four of the instruction must be read in connection with paragraph one.

Defendant's fifth claim is that the verdict was excessive.  We have set forth above the allegations of injury resulting from plaintiff's fall.

There is evidence from which the jury might infer that the results plead were possible and from which it may be inferred that the injuries in the main were produced by the fall.  If so the verdict is not excessive.  As to the same, the jury have spoken.  The matter was

before the trial court in consideration of the motion for a new trial. We find nothing in the record that we conclude would justify us in reversing the case by reason of excessive verdict.

Much prime law authority is cited in defendant's brief that we conclude is not applicable to the issues involved where the testimony is considered in its most favorable light to the plaintiff. As the facts that we conclude the most favorable to the plaintiff have been stated by us and the law that we conclude applicable applied, we see no occasion for us to enter into a detailed consideration of the law cited which we conclude does not apply to the facts that we conclude are pertinent to the issue.

From our examination of the record, we find no such prejudicial error as would justify a reversal.

The judgment is affirmed. All concur.