[Civ. No. 12743. Second Appellate District, Division Two.—January 22, 1941.]

MINNIE MAE HECHLER et al., Respondents, v. M. A. Mc-DONNELL, Appellant.

516

P. T. Howe and D. E. Ruppe for Appellant.

Harold David Geffen for Respondents.

MOORE, P. J.—This is an appeal by defendant from a judgment, after verdict, in favor of plaintiffs in the amount of $3,500.

About 2:30 P. M. on July 18, 1938, plaintiffs, husband and wife, entered the restaurant of defendant, walked across a light colored terrazzo floor to stools located upon a black colored terrazzo platform which was 8 to 10 inches above the floor level. Plaintiff Minnie Mae mounted the platform, oc-

cupied a stool next to her husband, ordered and ate her lunch. While thus engaged in consuming her viands she observed a man enter from the kitchen and sweep the floor and platform. He retraced his steps to the kitchen, returned with bucket and mop and proceeded to mop the floor and platform where plaintiffs were seated. Mrs. Hechler finished her meal, turned her stool to the right and, with both feet on the platform, attempted to rise. Before she could gain her equilibrium both feet slipped from beneath her and she fell, fracturing her right hip.

Appellant contends that (1) plaintiff was negligent as a matter of law in having full knowledge of the wet platform; (2) that it was not established that appellant failed to exercise that degree of care required of a public house for the protection of invitees; and (3) that the giving of certain erroneous instructions to the jury constituted prejudicial error.

■ (1) The jury was warranted by the evidence in finding that Mrs. Hechler was not negligent. She never testified that she knew the floor was wet at the time she fell. She knew the janitor had mopped the floor while she ate, but there is no positive proof that she knew it was wet as she began to arise. That it was wet, that of its wetness she was unconscious, that defendant was negligent in not warning her, and that such negligence was the sole proximate cause of her injuries, were inferences that might fairly have been drawn from the evidence. (*Hamilton* v. *Pacific Electric Ry. Co.*, 12 Cal. (2d) 598 [86 Pac. (2d) 829]; *Raggio* v. *Mallory*, 10 Cal. (2d) 723 [76 Pac. (2d) 660]; *Beck* v. *Sirota, post,* 551 [109 Pac. (2d) 419], this day decided.) The manner of her attempted departure from the stool was natural and proper. ■ To forget a known danger is not negligence unless it shows want of ordinary care, and this again was a question for the jury. (*Meindersee* v. *Myers*, 188 Cal. 498 [205 Pac. 1078]; *Jacobson* v. *Oakland Meat etc. Co.*, 161 Cal. 425 [119 Pac. 653, Ann. Cas. 1913B, 1194].) Even if plaintiff had given any thought to the platform before arising from the stool, she would have been justified in assuming that it had been mopped properly and in a manner that would not endanger her safety, and that appellant would not expose her to a danger that would come to her only through a violation of his duty to her. (20 R. C. L. 66; *DeVerdi* v. *Weiss*, 16 Cal. App. (2d) 439 [60

Pac. (2d) 879] ; *Tuttle* v. *Crawford,* 8 Cal. (2d) 126 [63 Pac. (2d) 1128].)

Appellant cites numerous authorities (*Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556 [296 Pac. 76], *Shanley* v. *American Olive Co.,* 185 Cal. 552 [198 Pac. 793], *Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462], *Weddle* v. *Heath,* 211 Cal. 445 [295 Pac. 832] , *Funari* v. *Gravem-Inglis Baking Co.,* 40 Cal. App. (2d) 24 [104 Pac. (2d) 44], and *Kaufmann* v. *Machin Shirt Co.,* 167 Cal. 506 [140 Pac. 15]) in support of his contention that because of plaintiff's conduct she was guilty of contributory negligence. But those and many other similar cases are authority for rejecting the demands of one who, being familiar with a building and its patent defects, was negligent as a result of which he received his injuries.

██ (2) While a floor of terrazzo is not inherently dangerous in and of itself, yet when it is wet it becomes potentially dangerous, a fact concerning which defendant had superior knowledge. When defendant installed such a floor in his restaurant he knew that under his duty to exercise ordinary care for the safety of his patrons he was required to take precaution not to allow the floor and platform to become or remain wet while invitees were present. The mopping should have been done in such a manner as effectually to dry the surface mopped before an invitee was permitted to walk upon it. While this precaution was not taken by defendant, plaintiff was not obligated to look for wet floors. ''The keeper of a public place of business is bound to keep his premises in a safe condition and must use ordinary care to avoid accidents or injury to those properly upon his premises on business.'' (*Tuttle* v. *Crawford, supra; DeVerdi* v. *Weiss, supra.)* The jury having determined that defendant was negligent in allowing the platform to be so wet as to lubricate it, and that plaintiff was not negligent, its findings will not be disturbed when supported by substantial evidence. (*Hamilton* v. *Pacific Electric Ry. Co., supra.)*

█ (3) Appellant assigns as prejudicial error the following instruction, claiming that it assumes the existence of a fact on which there is a conflict, i. e., whether defendant's employee did actually mop the floor. It follows : ''*It is established that the employee* who was mopping the floor in the restaurant at the time involved in the accident in question *was acting as agent* for the defendant, and within the scope of his author-

ity, at the time of the events out of which the accident occurred. *Therefore* the acts and omissions of that agent were in contemplation of law the acts and omissions, respectively, of his principal, the defendant, McDonnell.'' This is an instruction upon the liability of the employer for the acts of his agent or employee. If the point made by appellant is that the instruction declared it was established that the janitor was mopping the floor, whereas appellant contends that it was a question of fact as to whether he mopped or swept the floor, still there is no prejudice in the instruction. The jury was admonished by the judge that he did not intend to suggest inferences for them to draw and that it was ''their exclusive province to determine the facts in the case and to consider the evidence for that purpose''. Respondents maintain that the phrase ''who was mopping the floor'', etc., was for the purpose of identifying the employee discussed, that it did not instruct the jury to find he was mopping the floor, and that even were it a ''mere recital'' it was not an instruction that said employee did mop the floor. (*Johnson* v. *Fletcher*, 97 Cal. App. 153 [274 Pac. 1001].) Further to establish that the contention made by appellant on this point is without merit we have only to recall that his statement of facts contains the following: ''that the man then went back to the kitchen and came out with a bucket and large mop and mopped over the same place'', etc.

Appellant assigns as prejudicial error the following instruction: ''You are hereby instructed that the general rule is that one to whom a duty of care is owing by another has the right to assume that the person who owes such duty will perform it; and in the absence of reasonable grounds to think otherwise, it is not negligence on the part of the one to whom the duty is owing to assume that he will not be exposed to danger which can come to him only through a violation of that duty by the person owing it.'' This identical instruction was approved in the cases of *Gornstein* v. *Priver*, 64 Cal. App. 249 [221 Pac. 396], and *Hanson* v. *Cordoza*, 106 Cal. App. 500, 505 [290 Pac. 62]. Appellant's contentions (1) that the instruction implies that if appellant were negligent in any degree respondents would under all circumstances be entitled to recover, (2) that it did not leave for the jury's determination whether appellant exercised ordinary care, and (3) that it made appellant insurer of respondent Minnie Hechler's safety, have no basis. The instruction correctly

defines the rights of an invitee as against the keeper of a public house. (*Touhy* v. *Owl Drug Co.*, 6 Cal. App. (2d) 64 [44 Pac. (2d) 405]; *Brown* v. *Holzwasser, Inc.*, 108 Cal. App. 483, 484 [291 Pac. 661]; *Schmidt* v. *Bauer*, 80 Cal. 565 [22 Pac. 256, 5 L. R. A. 580]; *McClurken* v. *Ralph's Grocery Co.*, 130 Cal. App. 529 [20 Pac. (2d) 66].)

■ Appellant also attacks as prejudicial error that part of the court's instruction relative to fixing damages, wherein the court included as one of the elements of damage "such sum as will reasonably compensate said plaintiff for damage to her property". It is true that this "element" should not have been included, but it was utterly harmless in view of the fact that no claim was made for damage to her property and there was no evidence received of damage to her property. The instruction upon the subject of damage given by the court was in printed form, and the several elements or items which might constitute damage are on several sheets of paper. In this instance it was evidently an accident that the language criticised was included among the sheets which contained the elements constituting damage in cases of personal injury. However, there having been no claim or proof of damage to property, we cannot assume that the jury intended to include such in its award. Under the circumstances no miscarriage of justice could have resulted from including as one of the factors in computing plaintiffs' damages the element expressed in the clause complained of. (*Tuttle* v. *Crawford, supra*; art. VI, sec. 4½ of the Constitution.)

Judgment affirmed.

Wood, J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1941.