## Brand *v.* Donahoe's Incorporated, Appellant.

Argued September 30, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James J. Burns, Jr.,* for appellant.

*J. Thomas Hoffman,* with him *D. H. McConnell,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 10, 1947:

May a jury properly find the owner and operator of a store negligent where an employee, having beside him a scrub bucket, mop and bar of yellow soap, directs a patron to walk over a designated portion of the floor, stating that he has recently finished washing it; where no dangerous condition is observable; and, when complying with that direction, the patron suddenly skids,

slips and falls, soap being found on the bottom of her heel, an observable skid mark three feet long is left upon the floor, and her coat, sleeve, collar, cuff and suit become marked with soap? Jane Brand, appellee, instituted this action in trespass against Donahoe's Incorporated, appellant, to recover damages for personal injuries sustained by her when, because of the presence of an unobservable film of soap upon the floor of appellant's store, she skidded, slipped, and fell. A jury returned a verdict in favor of appellee for $3,000. This appeal is from the judgment of the court below dismissing appellant's motion for judgment *non obstante veredicto*.

The evidence, considered in a light most favorable to appellee, and giving her the benefit of all reasonable inferences and deductions to be made therefrom (*Kissell v. Motor Age Transit Lines, Inc.*, 357 Pa. 204, 206, 53 A. 2d 593) would establish the following facts: Jane Brand, appellee, and Rose Brand, her sister, on November 29, 1941, about 9:00 A.M., intending to make purchases, went into the grocery store located at 1719 Murray Avenue, Pittsburgh, Pennsylvania, owned and operated by Donahoe's Incorporated, appellant. Rose, preceding appellee by four or five steps, walked toward the right side of the 40-feet wide store. Appellant's porter, one Elliott A. Ralls, intercepted appellee, told her that he had already mopped the left side of the floor, that he was just going to wash the right side, and requested her to use the left side.

Appellee took three or four steps, suddenly skidded about three feet and fell to the floor, her shoulder and arm coming down on an iron grill or ventilator on the floor, causing the injuries complained of. Prior to the fall, appellee did not observe any unusual condition of the floor. After she had fallen, she observed a soap mark three feet in length on the floor made by her heel as she skidded, and a mop and bucket and a piece of yellow soap belonging to appellant near the spot where Ralls

had been standing. There were soap marks on her coat, sleeve, collar, cuff and suit. The floor was made of light brown composition linoleum squares.

Evidence presented by appellant tended to establish that there could not have been soap upon the floor for the reason that Oxydol was used in water and this cleansing matter immediately dissolves; that there was good lighting, in fact better than considered ideal under recognized illumination engineering standards; that appellee and her sister were carrying on a conversation and not watching where they were walking; that appellee put her foot down on the inside edge of the register, slipped and fell; and, that the porter had completed his work of washing prior thereto and was on hand only to mop up spots of dirt which might have resulted from delivery to the store of freshly baked products.

Appellant contends that appellee has failed to establish the existence of an observable dangerous condition upon the floor and that appellant knew or should have known of its existence, and relies upon *Bowser v. J. C. Penney Company*, 354 Pa. 1, 46 A. 2d 324, and *Reay v. Montgomery-Ward & Co., Inc.,* 154 Pa. Superior Ct. 119, 35 A. 2d 558. Under the circumstances presented, *Bowser v. J. C. Penney Company,* supra, did not require the trial judge to enter a compulsory nonsuit nor the court below to enter judgment *non obstante veredicto* in favor of appellant. In that case, the floor had been waxed shortly prior to the accident. There was an accumulation of wax approximately a foot square at the spot where the plaintiff-wife fell. Any improper application was unnoticed and the heavy film of wax was not observable as one walked over it. This Court held that a nonsuit was properly entered and said (p. 4): "The real question is not whether there was an improper application but whether such alleged improper application created a condition so obviously dangerous as to amount to evidence from which an inference of negligence would arise . . . 'There is no evidence that it [the wax] was

improperly applied, there being merely a film that was not observable in walking over it . . . Under such circumstances, to render this defendant liable would be to reverse the well established rule that the owner of a store is not an insurer of the safety of his patrons.' "

It is not negligence to wax or oil a floor: *Bowser v. J. C. Penney Company*, supra; *MacDonald v. Gimbel Brothers, Inc.*, 321 Pa. 25, 183 A. 804. The mere fact that one falls on a recently waxed or oiled floor is insufficient to justify an inference of negligence on the part of the owner. Because of the inherent nature of wax and oil, it is reasonable to require as a prerequisite of liability, proof, not only of an improper application, but also of the existence of an obviously dangerous condition.

Different considerations obtain with regard to a recently washed composition or tile floor which is dry and upon which there is no obvious dangerous condition. Certainly, it is not negligence to wash a floor and proof of an improper washing must be had. A patron having been informed that the floor has been recently cleaned and having been directed to use a particular portion thereof, may reasonably assume that any substance of a slippery nature has been removed and that no unobservable dangerous conditions exist. The duty is upon the one who washes a floor to see that such conditions do not exist. Where, as here, a patron is directed by an employee to use a certain portion of a floor after having been informed that it has been recently cleaned; where the employee has beside him a bucket, mop and bar of soap, and where in complying with that direction a patron skids, leaving an observable three-feet mark upon the floor and her clothes become marked with soap, there is ample evidence from which a jury might properly find negligence of the owner and award damages for injuries sustained as a result thereof.

*MacDonald v. Gimbel Brothers, Inc.*, supra, is not controlling, for there this Court pointed out: "There was nothing shown as to how the oil got on the floor,

where it came from or how long it had been there. For anything that appears the oil might have been dropped by someone not connected at all with the store." Here, the presence of Ralls with the bucket, mop and soap, together with his statement to appellee that he had recently completed mopping the floor is sufficient to identify him, appellant's employee, as the person whose improper washing of the floor caused the film of soap upon which appellee skidded and fell. *Reay v. Montgomery Ward & Co., Inc.,* supra, is inapposite for the same reason. In *Dickey v. Boggs & Buhl, Inc.,* 345 Pa. 453, 29 A. 2d 1, this Court held that a compulsory nonsuit was properly entered for the reason that ". . . she utterly failed 'so to describe, picture, or visualize what actually happened at the time of the accident as to enable one fixed with responsibility for ascertaining the facts to find that defendant was guilty of negligence . . .' " Appellee in the instant case has adduced evidence which shows in detail the events which transpired from the moment appellee walked into the store until she was taken home by the manager.

Judgment affirmed.