1838

Kate G. LANEY, Respondent v. BI-LO, INC., Appellant.

(419 S.E. (2d) 809)

Court of Appeals

*Robert W. Foster, Jr.,* and *Linda Wohlbruck Runge,* both of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*Roger E. Henderson* of *Leppard, Henderson & Spencer,* Chesterfield, *for respondent.*

Heard May 13, 1992.

Decided June 22, 1992.

GOOLSBY, Judge:

This is a slip and fall case. The jury returned a $60,000 verdict in favor of the plaintiff Kate G. Laney against the defendant Bi-Lo, Inc. Bi-Lo appeals, contending the trial judge should have directed a verdict in its favor because the evidence is insufficient to support a verdict in Mrs. Laney's favor. We disagree and affirm.

Since this is a law case, we must view the evidence and all its reasonable inferences in the light most favorable to Mrs. Laney, the party who resisted the motion for directed verdict, and most strongly against Bi-Lo, the party making the motion. Because we are not a jury, we do not weigh the evidence and we do not decide matters of credibility. We also eliminate from our consideration all evidence contrary to or in conflict with the evidence favorable to Mrs. Laney and give to her the benefit of every favorable inference that the facts reasonably suggest. *Collins & Sons Fine Jewelry, Inc. v. Carolina Safety Systems, Inc.,* 296 S.C. 219, 371 S.E. (2d) 539 (Ct. App. 1988).

In South Carolina, a customer may recover for injuries sustained as a result of a fall caused by a foreign substance placed by a storekeeper on the storekeeper's floor where the substance renders the floor dangerously slippery and the floor's unsafe condition is not so obvious that a person would reasonably be expected to notice it without a warning of some kind. *Gillespie v. Wal-Mart Stores, Inc.,* 302 S.C. 90, 394 S.E. (2d) 24 (Ct. App. 1990); *Lowrimore v. Fast Fare Stores, Inc.,* 299 S.C. 418, 385 S.E. (2d) 218 (Ct. App. 1989); *see* 62A Am. Jur. (2d) *Premises Liability* § 564 at 124

(1990) ("[T]he creation of an unsafe condition by mopping the floor during business hours while invitees are on the premises may support a finding of negligence."); 65 C.J.S. *Negligence* § 81(9) at 1002 (1966) ("[W]here [a mopping] operation leaves a floor dangerously slippery, and the hazard is not so obvious that a person would reasonably be expected to notice it without some form of warning, the failure to give such warning may constitute actionable negligence.").

Here, there is evidence that Mrs. Laney, while a customer of Bi-Lo, slipped inside Bi-Lo's store on mopping water or something like mopping water;[1] there is evidence that she slipped and fell in an area near the front of the second check-out;[2] there is evidence that store personnel had mopped the floor in the area at least 30 minutes prior to Mrs. Laneys fall and that the area was wet and slippery as a result;[3] and there is evidence that Bi-Lo gave no warning

---

[1] Mrs Laney testified she went to Bi-Lo to shop and while inside the store she "stepped in water and . . . fell backward." The substance, she said "looked . . . like mopping water or something like that because [she] [did]n't see how that much water got there." She further testified she fell "where there wasn't nothing but water" and "[a]fter [she] fell . . . some boys got the water up with towels . . . from around [her]."

[2] Mrs. Laney testified she had her groceries and "[had] pushed [her] buggy up at [sic] the end of the check-out place." She left the buggy there while she went to get a Pepsi-Cola. When she came back and "went toward [her] buggy," she "stepped in water and . . . fell backward."

Mrs. Johnnie Carnes testified she went to Bi-lo, got her groceries, and took them to the car. She then returned to the store and found Mrs. Laney "lying on the floor . . . [a]lmost from [sic] the second check-out counter from the upper end."

Mrs. Ina Sowell testified she saw Mrs. Laney lying on the floor and had to go "right past her to go into second cash register to check out. . . ."

[3] Mrs. Maybelle Griffin testified she and her husband went to Bi-Lo, Mrs Laney entered the store "right after [she and her husband] did," and it took her "[a]bout 30 minutes" to finish her shopping.

On entering the store, Mrs Griffin testified she saw a "bucket of water sitting on the floor with a mop in it and water on the floor." She stated the bucket "was right at the end of the aisles . . . close to the cash register." Mrs. Griffin described the area as being "wet and slick." She estimated "probably half as hour, maybe an hour" elapsed between the time she saw the bucket with the mop in it and the water on the floor and the time she left the store. Mrs. Griffin did not see Mrs. Laney lying on the floor.

As we mentioned in note 2, however, Mrs. Sowell testified she saw Mrs. Laney lying on the floor as she went past her to check out.

When the testimony of Mrs. Griffin and the testimony of Mrs. Sowell are considered together, there is the inference that Mrs. Griffin left the store before Mrs. Sowell left and before Mrs. Laney fell, since Mrs. Griffin did not see

whatsoever of the unsafe condition of the floor to its customers.[4]

The trial judge, therefore, properly submitted the issue of Bi-Lo's negligence to the jury. *Moore v. Great Atlantic & Pacific Tea Co.*, 230 Mo. App. 495, 92 S.W. (2d) 912 (1936).

Affirmed.

CURETON, J., and LITTLEJOHN, Acting J., concur.

Mrs. Laney lying on the floor and Mrs. Sowell did see her there. The inference may also be drawn from their testimony that the mopping operation occurred at least 30 minutes before Mrs. Laney fell since Mrs. Griffin said she was in the store between a half hour and an hour.

[4] Mrs. Laney testified there were no signs in Bi-Lo near the check-out that warned of wet substances on the floor.

Mrs. Carnes testified she saw no signs near where Mrs. Laney fell that warned about water or anything else being on the floor or about a wet floor.

Mrs. Griffin testified she did not observe either any cones or signs warning customers to look out and be careful.